A. J. DEL BIANCO, d/b/a Del Bianco & Associates, Plaintiff-Appellant, *v.* THE AMERICAN MOTORISTS INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)    No. 77-1862

Opinion filed June 18, 1979.

Crooks, Gilligan & Kages, of Chicago (John W. Gilligan, of counsel), for appellant.

Meyers & Matthias, of Chicago (Thomas K. Peterson, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff appeals from an order of the circuit court of Cook County granting the defendant's motion for judgment on the pleadings as to all eight counts of the plaintiff's complaint. The issues for consideration on review are: (1) whether there were genuine issues of material fact which should have precluded the trial court from entering a judgment on the pleadings; (2) whether the "hold harmless" agreement was intended to indemnify the plaintiff from suits brought by the School District; and (3) whether the plaintiff's cause of action was barred by the applicable statutes of limitation. We affirm.

The following facts are pertinent to the disposition of this appeal.

The record discloses that on March 1, 1962, the plaintiff, A. J. Del Bianco, entered into a standard form owner-architect agreement with the Board of Education of School District No. 46 (School District) whereby the plaintiff was to perform architectural services in connection with the erection of the Streamwood Elementary School. On April 2, 1962, Consumers Construction Company (Consumers) entered into a written contract with the School District to construct the school. On January 31, 1962, prior to entering into this contract with the School District, Consumers was issued a comprehensive general liability policy by the defendant, The American Motorists Insurance Company. The defendant issued a certificate of insurance to the plaintiff on March 29, 1962, certifying the issuance of this policy to Consumers. A second certificate of insurance containing a "hold harmless" agreement drafted by the plaintiff was issued by the defendant on April 12, 1962, superseding the first certificate.

The construction of the school was completed on November 15, 1962. During and after construction various problems apparently developed with respect to the school's foundation. Consequently, on August 20, 1965, the School District filed a three-count complaint against the plaintiff, Consumers and Consumers' bonding company. Count II of the complaint alleged that the plaintiff had breached his contract with the School District and was negligent in performing his architectural services resulting in substantial damages to the School District's property.

The plaintiff made a demand upon Consumers to defend him in connection with the claims asserted by the School District pursuant to the "hold harmless" agreement. Consumers tendered the defense of this lawsuit to the defendant. When the defendant refused to defend Consumers or indemnify the plaintiff, Consumers proceeded to file a suit for declaratory judgment against the defendant in which the School District intervened. In granting the defendant's motion for summary judgment, the trial court ruled that the defendant had no duty to defend Consumers in the School District's 1965 lawsuit and that the policy in question did not provide coverage to Consumers under the allegations of that complaint. The appellate court affirmed that ruling on December 31, 1969. *Consumers Construction Co. v. American Motorists Insurance Co.* (1969), 118 Ill. App. 2d 441, 254 N.E.2d 265.

Meanwhile, in August of 1968 an arbitration award was entered in favor of the School District and against the plaintiff in settlement of count II of the School District's 1965 claim. On November 11, 1968, the trial court entered a judgment confirming this award and the plaintiff appealed. On February 19, 1969, prior to a decision in said appeal, a trust agreement was entered into between the School District and the plaintiff with regards to the settlement of count II. The defendant refused to indemnify the plaintiff or participate in the negotiations which led to this settlement between the plaintiff and the School District.

On December 11, 1968, the plaintiff filed a complaint for declaratory judgment against Consumers for indemnification for the 1965 claim asserted against him by the School District. On February 28, 1969, a default judgment was entered against Consumers. The court ruled that Consumers was obligated to indemnify and hold harmless the plaintiff against all damages arising from the School District's 1965 suit. The defendant also refused to defend Consumers or indemnify the plaintiff in this action.

The School District entered into a written agreement with the plaintiff, Consumers and Consumers' bonding company on December 29, 1970, entitled "Agreement to Terminate Litigation" whereby the defendants in the 1965 lawsuit each agreed to pay to the School District a certain sum of money.

On October 27, 1972, the present action was instituted by the plaintiff,

A. J. Del Bianco, against the defendant, American Motorists Insurance Company. The original complaint contained three counts. The defendant filed an answer to this complaint and a motion to dismiss for failure to state a cause of action and also because the statute of limitations barred the bringing of these actions. In December of 1974, the plaintiff filed counts IV and V. The defendant again filed an answer and a motion to dismiss raising similar pleadings.

On February 18, 1975, the plaintiff refiled, as a part of his amended complaint, identical counts I through V. Once again the defendant filed an answer and a motion to dismiss raising identical pleadings as previously alleged. On the same day the plaintiff filed, as a part of his amended complaint, counts VI and VII. On March 31, 1977, pursuant to a court order, the defendant refiled the same answers and motions to dismiss as to counts I through V as well as similar pleadings as to counts VI and VII.

The plaintiff filed count VIII, as an amendment to the amended complaint, on May 25, 1977. On June 10, 1977, the defendant filed its pleadings as to count VIII including an answer and a motion to dismiss in which it again asserted that the plaintiff had failed to state a cause of action and that the action was barred by the statute of limitations. In addition, the defendant filed a brief in support of its motion to dismiss the various counts or for judgment on the pleadings as to all eight counts.

On September 15, 1977, an order was entered granting the defendant's motion for judgment on the pleadings as to counts I through VIII. It is from this order that the plaintiff appeals.

Although the plaintiff presents several issues for our review, we need only determine whether the action is barred by the applicable statutes of limitations. The resolution of that issue is dispositive of this appeal. Therefore, we find it unnecessary to address the additional issues raised. "A reviewing court will not consider questions or contentions which are not essential to the determination of the case before it." *Spunar v. Clark Oil & Refining Corp.* (1977), 53 Ill. App. 3d 477, 480, 368 N.E.2d 990. ■■ A brief outline of recent Illinois decisions with regards to when a cause of action accrues so as to mark the beginning of the limitations period is warranted. In *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 137, 334 N.E.2d 160, the court observed that "[t]he purpose of a statute of limitations is certainly not to shield a wrongdoer; rather it is to discourage the presentation of stale claims and to encourage diligence in the bringing of actions." Likewise, in *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 122 N.E.2d 540, the court reasoned that:

> "[S]tatutes of limitations, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the

circumstances upon which liability against him is predicated while the facts are accessible." (*Geneva Construction Co.*, at 289-90.)

Generally, the limitations period begins "when facts exist which authorize one party to maintain an action against another." (*Davis v. Munie* (1908), 235 Ill. 620, 622.) In other words, a statute of limitations "* * * does not commence to run until the party to be barred has a right to invoke the aid of the court to enforce his remedy." *Maxwell v. Nieft* (1942), 313 Ill. App. 354, 356, 40 N.E.2d 554.

In order to determine when the plaintiff's cause of action accrued, we must first categorize the nature and elements of the various counts of the plaintiff's complaint.

The plaintiff initially alleges that counts I through III of his amended complaint are tort actions and are, therefore, governed by the five-year statute of limitations provided for under section 16 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 16). The plaintiff goes on to argue that the limitations period on these actions commenced at the time he discovered or should have discovered the tortfeasor's negligence citing *E. J. Korvette, Division of Spartan Industries, Inc. v. Esko Roofing Co.* (1976), 38 Ill. App. 3d 905, 350 N.E.2d 10, in support of this proposition. The plaintiff asserts that he had no way of discovering that the defendant had negligently or fraudulently issued the certificate of insurance until the defendant refused to defend Consumers or provide him with indemnification pursuant to the suit for declaratory judgment brought by the plaintiff against Consumers on December 11, 1968. Therefore, the plaintiff argues, his cause of action as to counts I through III did not accrue until the 1968 filing of that action. Consequently, the plaintiff asserts, since he filed his original complaint which contained counts I through III on October 27, 1972, well within the five-year statutory period, these counts are not barred by the statute of limitations.

We agree with the plaintiff that counts I through III are tort actions. The amended complaint alleges that the defendant was negligent (count I), was guilty of willful and wanton misconduct (count II), and was guilty of careless and fraudulent issuance (count III) in issuing the certificate of insurance on April 12, 1962. However, we disagree with the plaintiff's contention that the cause of action on these tort claims commenced on December 11, 1968, when he filed his suit for declaratory judgment against Consumers.

■■ Ordinarily, a plaintiff's cause of action in tort accrues at the time its interest is invaded. Therefore, the mere fact that the extent of its damages is not immediately ascertainable does not postpone the accrual of the claim. This is clearly the rule for a pure tort cause of action. *Austin v. House of Vision, Inc.* (1968), 101 Ill. App. 2d 251, 243 N.E.2d 297; *Reat v. Illinois Central R.R. Co.* (1964), 47 Ill. App. 2d 267, 197 N.E.2d 860.

Where an action in tort arises out of a contractual obligation the rule is different. There the statute of limitations begins to run at the time of the breach of duty, not when the damage is sustained. (*Aetna Life & Casualty Co. v. Sol E. Lobianco & Son Co.* (1976), 43 Ill. App. 3d 765, 357 N.E.2d 621; *Pennsylvania Co. v. Chicago, Milwaukee & St. Paul Ry. Co.* (1893), 144 Ill. 197.) Two reasons are given for this rule:

> "First, the breach itself is actionable and it encourages the party to act within five years of an actionable breach rather than to delay until damages increase. The rule also recognizes that plaintiff has chosen to deal with the defendant and that a contract may be stated in terms to minimize losses from defective performance." (*Aetna Life & Casualty Co.*, at 768.)

Recent Illinois decisions illustrate the rule that in a tort action arising out of a contractual relationship the statute of limitations commences to run at the time of the breach of duty. See *Austin*; *Sabath v. Morris Handler Co.* (1968), 102 Ill. App. 2d 218, 243 N.E.2d 723; *Coumoulas v. Service Gas, Inc.* (1973), 10 Ill. App. 3d 273, 293 N.E.2d 187.

■■ In the instant case the allegations relied upon by the plaintiff in counts I through III may fairly be characterized as actions in tort arising out of a contractual obligation. Each count alleges a duty, the breach of that duty, the plaintiff's exercise of ordinary care and damages all flowing from an alleged contractual obligation assumed by the defendant in issuing the certificate of insurance to Consumers on April 12, 1962. Based on the rules enunciated in *Aetna Life & Casualty Co.* and in other recent Illinois decisions, the plaintiff's causes of action, if any, accrued at the time of the alleged breach of this contractual duty. In the instant case, any breach of duty by the defendant would have occurred, if at all, on August 20, 1965, when the School District filed its complaint. This is consistent with the plaintiff's own admission in counts I through III that as a result of the defendant's refusal to provide him with indemnification he was forced to spend a considerable amount of money in defense and settlement of the suit brought by the School District.

The plaintiff argues that the discovery rule set forth in *E. J. Korvette, Division of Spartan Industries, Inc. v. Esko Roofing Co.* (1976), 38 Ill. App. 3d 905, 350 N.E.2d 10, should be applied to the instant case. This alternative position for commencing the statute of limitations was forwarded more recently in the Illinois Supreme Court decision in *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160. There the court applied the time of discovery rule in a case in which the plaintiff charged that the defendant falsely reported its financial condition to a third party.

■■ In the present action the record indicates that the plaintiff had knowledge of the defendant's breaches as early as August 20, 1965, when

the defendant allegedly refused to defend Consumers or indemnify the plaintiff. It was at that time that the plaintiff alleges that he was forced to spend money to defend against the School District's suit. Therefore, the time of breach rule cited by the court in *Aetna Life & Casualty Co. v. Sol E. Lobianco & Son Co.* (1976), 43 Ill. App. 3d 765, 357 N.E.2d 621, and the time of discovery rule followed by the court in *E. J. Korvette, Division of Spartan Industries, Inc.* produce the same result. Under both rules the alleged cause of action accrued on August 20, 1965. The plaintiff's original complaint containing counts I through III was filed on October 27, 1972. This was a full seven years after the accrual of the cause of action alleged in that complaint. Consequently, these counts are barred by the applicable five-year statute of limitations.

The plaintiff's next contention is that counts IV through VII are for breach of contract. However, an examination of each count reveals that when properly construed these causes of action are for torts arising out of a contractual obligation.

Count IV alleges that the defendant had a duty towards the plaintiff to exercise ordinary care in the preparation and distribution of the certificate of insurance, that the plaintiff exercised ordinary care, and that the defendant breached its duty resulting in damages to the plaintiff. Properly characterized, these allegations state a negligence action arising out of a contractual relationship. Count IV was filed on February 18, 1975. The plaintiff's cause of action accrued on August 20, 1965, when the defendant refused to indemnify the plaintiff pursuant to the "hold harmless" agreement which was attached to the certificate of insurance. Therefore, applying the time-of-breach rule, count IV is barred by the applicable five-year statute of limitations.

Count V alleges that the defendant committed a tortious breach of contract when it refused to defend Consumers in the lawsuit brought by the plaintiff against Consumers. This is clearly a tort action arising out of a contractual obligation. The plaintiff alleges that the tortious breach occurred on or about February 28, 1969. Since count V was not filed until February 18, 1975, a full six years after the cause of action accrued, this count is also barred by the five-year statute of limitations for tort actions.

Counts VI and VII were filed on February 18, 1975. These counts clearly set forth the necessary elements of a tort action. Both counts allege a duty on the part of the defendant to defend the plaintiff, a breach of that duty and resulting damages to the plaintiff. Since these actions arose out of an alleged underlying contract, they accrued when the School District filed its complaint in 1965. The five-year limitation on such actions is applicable. Therefore, they too are barred as not timely filed.

The plaintiff's final contention is that count VIII is for a breach of contract. The defendant concedes that this count sounds in contract. We

agree but find, nevertheless, that the cause of action is barred by the applicable 10-year statute of limitations. See Ill. Rev. Stat. 1975, ch. 83, par. 17.

■■ Count VIII was filed on May 25, 1977. For the reasons previously set forth the plaintiff's cause of action accrued on August 20, 1965, when the School District's suit was instituted. This is well over the 10-year period provided for under section 16 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 17). Consequently, this cause of action is also barred.

■■ The plaintiff seeks to rely upon section 46(2) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(2)) to bring counts IV through VIII within the limitations period. This section allows a relation back of amended pleadings when the original pleadings were timely filed and the amended pleadings grew out of the same transaction or occurrence set up in the original pleadings. In the instant case the original pleadings, counts I through III, were filed after the applicable five-year limitation period had expired. Therefore, section 46(2) does not provide the plaintiff with relief as to counts IV through VIII.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.