FIRST DIVISION

JUNE 29, 2001

No.  1-99-1034

INDIANA INSURANCE COMPANY, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

) No. 98 L. 4220

)

MACHON & MACHON, INC., ) Honorable

) David Lichtenstein,

Defendant-Appellee. ) Judge Presiding.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Indiana Insurance Company (Indiana), appeals from the trial court's grant of defendant, Machon & Machon, Inc.'s (Mahon), motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code)(735 ILCS 5/2-619 (West 1996)), as well as the trial court's denial of plaintiff's motion to vacate the order of dismissal and for rehearing. A timely notice of appeal was filed vesting this court with proper jurisdiction under Supreme Court Rule 301.  155 Ill. 2d R. 301. The issue presented for our consideration is whether section 13-2214.4 of the Code (735 ILCS 5/13-214.4)(West 1996)), which sets forth a two year statute of limitations for claims  against insurance producers, encompasses claims by an insurer against its agent. For the reasons which follow, we respond in the affirmative. 

In April 1998, Indiana filed suit against its agent, Machon, seeking reimbursement for a claim paid to an insured, Kishor Bhatt (Bhatt), as a result of a fire loss at his building. In its complaint, Indiana alleged it had issued a policy of insurance to Bhatt which provided for "actual cash value" coverage in the instance of a fire loss and specifically excluded "replacement cost" benefits.  The complaint further alleged that at some point after Indiana issued that policy 
and without authority to so act, Machon transmitted a document to the Bhatt which indicated his building was covered at "replacement cost."  As a direct result of Machon's conduct, Indiana asserted it became liable to Bhatt  for the payment of the replacement cost of the building in spite of the provisions in the policy of insurance to the contrary.  Indiana finally alleged it suffered damages in the amount of $31,281.18, the difference between the "replacement cost" and the "actual cash value" it would have been obligated to pay under the policy alone. 

The corrected second amended complaint, the subject of the trial court's final orders, contained three separate counts alleging three theories of recovery: negligence, breach of implied warranty and breach of contract. As to count I, Indiana alleged Machon was negligent in transmitting the subject document to Bhatt and that as a direct and proximate result of that act, Indiana was obliged to pay "replacement cost" benefits. In count II, Indiana alleged that, "At the time of delivering the aforementioned evidence of property coverage, MACHON & MACHON, INC. was cloaked with the 
indicia
 of authority and impliedly warranted it had authority to deliver such evidence of property coverage, when, in fact, it did not." Further, "MACHON & MACHON, INC., had a duty to the Plaintiff to exercise ordinary care not to warrant by implication that which it was without authority to do on behalf of the principal."  Finally, Count III alleged that Machon's conduct in delivering said document to Bhatt was a breach of the Agent-Company Agreement.

Defendant moved to dismiss the complaint pursuant to section 2-619 of the Code arguing the entire action was barred by the two year statute of limitations set forth in section 13-214.4, and further, count II should be dismissed pursuant to section 2-615 of the Code as plaintiff lacked standing to sue for breach of  warranty. 

The trial court agreed with defendant and entered an order, stating: "For the reasons stated in defendant's motion and brief, this matter is dismissed pursuant to the statute of limitations and §2-619 of the Code of Civil procedure, with prejudice."

We review this entire matter 
de novo
.  

We first consider the applicability of section 13-214.4 to the case at bar.  Section 13-214.4, in pertinent part, provides:

"Actions against insurance producers, limited insurance representatives, and registered firms.  All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues.  735 ILCS 5/13-214.4 (West 1996).

In the exercise of statutory construction, our primary task is to ascertain and effectuate the intent of the legislature.  
People v. Pullen
, 
192 Ill. 2d 36, 42 (2000).
  
The language of the statute itself is the best indication of the intent of the drafters and the words contained therein should be given their ordinary and popularly understood meaning.  
Waliczek v. Retirement Bd of Firemen's Annuity and Ben. Fund of Chicago
, 
318 Ill.App.3d 32,35 (2000). Where the legislature's intent can be ascertained from the plain language of the statute, that intent must prevail and will be given effect without resort to other aids for construction. 
Chicago School Reform Board of Trustees v. Illinois Educational Labor Relations Board, 
318 Ill.App.3d 293, 300 (2000).   

Defendant contends that section 13-214.4, by its own language, applies without limitation to "all causes of action brought by any person or entity against an insurance producer" and concludes the broad mandate of the statute clearly encompasses the controversy 
sub judice
.  Conversely, plaintiff contends the two year statute of limitations is limited to causes of action brought by insureds against their insurance brokers or agents, as the acts of "sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance" listed in the statute are duties performed by an agent on behalf of an insured.  Moreover, plaintiff suggests that defendant's interpretation of the statute would yield illogical and unfair results in that insurance companies would be limited to a two year statute in any claim against its agent and that same agent, in an action against the insurance company, would be governed by the five or ten year statute of limitations as provided in sections 13-205 and 13-206 of the Code.  735 ILCS 5/13-205 (West 1996)(provides generally for a five year statute of limitation for actions on unwritten contracts and civil actions not otherwise expressly provided for by statute.); 735 ILCS 5/13-206 (West 1996)(actions filed pursuant to written contracts are governed by a ten year statute of limitation.).

We agree with defendants.  The statute as written is unequivocal and subject to only one reasonable interpretation: that 
all
 causes of action brought by 
any
 person or entity under 
any
 theory against an insurance producer shall be brought within two years of the date the cause of action accrues. Therefore, we find the two-year statute of limitations under section 13-214.4 of the Code to be applicable to plaintiff’s claim in this case.

We next consider when that statute of limitations accrued.

Limitations periods for tort and contract actions traditionally have been treated differently.  For most torts, the cause of action usually accrues when the plaintiff suffers injury.  
West American Insurance Co. v. Sal E. Lobianco & Son Co., 
69 Ill. 2d 126, 129-30 (1977).  For contract actions and torts arising out of contractual relationships, the cause of action ordinarily accrues at the time of the breach of contract, not when a party sustains damages.
 
West American Insurance Co.,
69 Ill. 2d at 132.  
The reason for this distinction is the concern that plaintiff will delay bringing suit after a contract is breached in order to increase damages. 
West American Insurance Co., 
69 Ill. 2d at 132.

Plaintiff, however, asserts this general rule is not applicable to the instant case because it does not involve an action for traditional breach of contract damages and is more accurately defined as a breach of a fiduciary duty implied by the contract.  Therefore, plaintiff concludes the statute of limitations did not accrue until it actually paid Bhatt’s claim; only then did it suffer damages.  We disagree with plaintiff.

That damages are not immediately ascertainable does not postpone the accrual of a claim.
Del Bianco v. American Motorists Insurance Co., 
73 Ill.App.3d 743,748 (1979).
 Further, in cases of torts arising out of a contractual relationship, the statute of limitations runs when the duty is breached, not when the damages are sustained. 
Del Bianco,
73 Ill.App.3d at 748;
 
West American Insurance Co.,
69 Ill. 2d at 132.

Clearly, the breach in this case occurred at the time Machon issued the supplemental letter to the insured obligating plaintiff to pay an amount in excess of that included in the policy in the event of a loss.  However, plaintiff argues it could not have known of the breach until after the insured’s loss occurred and its damages were specifically calculable.  While we agree that plaintiff may not have known of the breach on the date of its occurrence, we also believe it knew of the loss long before it actually paid the claim in June of 1996, at the least on the date the insured filed a claim.  Moreover, a plaintiff seeking to utilize the "discovery rule" to delay the commencement of the statute of limitations has the burden of proving the date of the discovery of its loss.  
Hermitage Corp. v. Contractors Adjustment Co., 
166 Ill. 2d 72, 85 (1995). 
Plaintiff failed to meet that burden here as it’s complaint does not specify the date of Machon’s correspondence to Bhatt, when it first discovered the breach or when Bhatt’s insurance claim was filed.   However, we know the policy was issued on February 15, 1995 and effective for one year.  Defendant issued the letter to Bhatt within the policy period, prior to the fire loss which occurred on July 13, 1995.  Thus, plaintiff’s claim accrued sometime between February and July of 1995 rendering the limitations period, at the latest, July of 1997; almost one year prior to the filing here.  Consequently, we hold that plaintiff’s claim is barred by the statute of limitations and affirm the lower court.

Finally, plaintiff maintains its complaint was timely filed under the statute of limitations applicable to indemnity actions. 735 ILCS 5/13-204 (West 1996).  We disagree.

Plaintiff did not plead a cause of action for indemnity.  A review of plaintiff’s own labels of the counts in its complaint is revealing in this regard; negligence, breach of warranty and breach of contract.  Conspicuously absent is indemnity.  That plaintiff, in its adamnum clause in each count of its complaint, sought "indemnification" from Machon does not change the basic nature of the causes of action pleaded.  This court will not employ such a tortured interpretation of that word to now breathe life into an otherwise stale claim.

In light of the foregoing, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed. 

MCNULTY, P.J., and COHEN, J., concur.