NO. 4-00-0176

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

WILLIE G. BROADNAX, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v.      ) Macon County

DAVID G. MORROW, as Agent for Morrow & ) No. 99L152

Wells, Ltd., an Illinois Corporation;   )

MORROW & WELLS, LTD., an Illinois       )

Corporation, as Principal, for David G. )

Morrow; and ROUSH INSURANCE SERVICES, ) 

INC., an Indiana Corporation, as   ) Honorable

Principal, ) James A. Hendrian,

Defendants-Appellees. ) Judge Presiding.

_______________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

After his insurance company refused to pay a fire claim, plaintiff, Willie Broadnax, brought a negligence cause of action against insurance agent David Morrow, insurance agency Morrow & Wells, Ltd., and Roush Insurance Services, Inc. (Roush).  The trial court granted defendants' motions to dismiss because Broadnax failed to file the negligence claim within the two-year statute of limitations period.  The trial court denied Broadnax's motion to reconsider, and this appeal followed.  We affirm.  

I. BACKGROUND

In April 1995, plaintiff, Willie Broadnax, applied for an insurance policy from Morrow & Wells, Ltd., to cover a building located in downtown Decatur.  During Broadnax's initial conversations with his insurance agent, David Morrow, he told Morrow he was in the process of purchasing the building and he had plans to renovate it and open a package liquor business on the premises.  Morrow contacted Roush, an Indiana corporation, which in turn contacted Acceptance Indemnity Insurance Company (Acceptance), which ultimately issued the policy to Broadnax on April, 14, 1995.  The policy had a $70,000 limit of liability.   On October 5, 1995, a fire occurred at the building, causing damage in excess of $70,000.  Broadnax notified Morrow of the fire, and on October 23, 1995, Morrow helped Broadnax file a proof of loss claim with Acceptance.  Sometime before May 10, 1996, Acceptance denied Broadnax's claim.  On May 10, Acceptance filed a declaratory judgment action, seeking a declaration of no coverage due to Broadnax's failure to comply with a vacancy provision of the policy.  

Broadnax filed a breach of contract action against Acceptance on August 5, 1996, for failure to provide coverage under the policy.  On November 26, 1996, Acceptance filed its answer, asserting as an affirmative defense the policy provision regarding vacancy.  Acceptance filed a motion for summary judgment on July 17, 1997, and the trial court granted the motion on October 27, 1997.  The trial court cited Broadnax's failure to comply with the vacancy provision of the insurance policy.  This court affirmed the trial court's judgment in 
Broadnax v. Acceptance Indemnity Insurance Co.
,  No. 5-97-0957 (September 29, 1998) (unpublished order under Supreme Court Rule 23).

On September 1, 1999, Broadnax filed a negligence action against David Morrow, Morrow & Wells, Ltd., and Roush.  The negligence claim asserted defendants were negligent for obtaining an insurance policy containing an exclusionary endorsement which did not allow for vacancy or for the premises to be unoccupied, when the defendants allegedly knew or should have known the property would be vacant and unoccupied for a period in excess of 30 days because Broadnax was in the process of renovating and remodeling.

Defendants filed motions to dismiss because Broadnax failed to file his negligence claim within the two-year statute of limitations period.  735 ILCS 5/13-214.4 (West 1998).  Broadnax did not file a response to defendants' motions to dismiss; and on October 25, 1999, the trial court dismissed Broadnax's claim with prejudice, finding the two-year statute of limitations period had expired.  On November 23, 1999, Broadnax filed a motion to reconsider the dismissal of his claim.  The trial court denied the motion and stated: 

"Plaintiff did not respond to [d]efendants' [m]otion to [d]ismiss[,] which was filed on September 28, 1999, and ruled on October 25, 1999[,] pursuant to the [c]ourt's docketing order.  That [p]laintiff has failed to show why the matter set forth in his [m]otion to [r]econsider could not have been presented to the [c]ourt or that such matters are new and previously unknown to the [p]laintiff or could not have been timely discovered."

Broadnax appeals, contending (1) the trial court erred when it granted defendants' motions to dismiss based on the running of the statute of limitations; and (2) the trial court abused its discretion when it denied his motion to reconsider.

II. ANALYSIS

A. Statute of Limitations

Whether to grant a motion to dismiss is within the sound discretion of the trial court, and we will not disturb its decision absent an abuse of discretion.  
Dick v. Peoples Mid-Illinois Corp.
, 242 Ill. App. 3d 297, 303, 609 N.E.2d 997, 1002, (1993).  The trial court's granting of defendants' motions to dismiss on the grounds the claim is barred by other affirmative matter avoiding the legal effect or defeating the claim as provided by section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 1998)) resembles the granting of a summary judgment motion.  For this reason, we will conduct a 
de
 
novo
 review and consider whether "'the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.'"  
Epstein v. Chicago Board of Education
, 178 Ill. 2d 370, 383, 687 N.E.2d 1042, 1049 (1997), quoting 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732, 735 (1993); see 4 R. Michael, Illinois Practice §41.9 (1989). 

Defendants moved to dismiss Broadnax's complaint because the two-year statute of limitations period governing claims against insurance producers had run.  Section 13-214.4 of the Code states:

"All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues."  735 ILCS 5/13-214.4 (West 1998).

Broadnax contends the trial court abused its discretion in granting defendants' motions to dismiss because his negligence cause of action did not accrue until the trial court granted Acceptance's motion for summary judgment in the breach of contract case on October 27, 1997.  Therefore, his negligence action filed on September 1, 1999, was within the two-year statute of limitations period.  Defendants contend the latest possible date Broadnax's cause of action accrued was August 15, 1996, when Broadnax filed his complaint for breach of contract against Acceptance.  Thus, according to defendants, Broadnax's negligence action was filed at least one year 
after
 the running of the two-year statute of limitations period.

Indiana Insurance Co. v. Machon & Machon, Inc.
, 
324 Ill. App. 3d 
300, 753 N.E.2d
 442, (2001), addresses the issue of when a cause of action accrues under section 13-214.4 of the Code.  There, the plaintiff insurance company, Indiana, brought a cause of action against Machon, one of its agents, seeking reimbursement for a claim it was required to pay in excess of the insured's policy limit as a result of Machon's negligent transmittal of a letter to the insured.  The letter informed the insured his policy provided "replacement cost" benefits for his building, while the policy actually provided a lesser benefit of "actual cash value."  When the insured's building was destroyed by fire, Indiana asserted it became liable to the insured for the "replacement cost" of the building as a result of Machon's negligence.  Thus, Indiana's claim sought from Machon the difference between the "replacement cost" and the "actual cash value."  
Indiana Insurance
, 
324 Ill. App. 3d at
 321, 753 N.E.2d at 
444.

Indiana's complaint contained three theories of recovery: negligence, breach of implied warranty, and breach of contract.  On appeal, the First District determined the nature of  Indiana's cause of action against Machon was a tort arising out of a contractual relationship.  
Indiana Insurance
, 
324 Ill. App. 3d at
 303-04, 753 N.E.2d at
 445-46.  Therefore, the limitations period accrued at the time of the breach of contract, not when the party first sustained damages or injury, as in a negligence cause of action.  
Del Bianco v. American Motorists Insurance Co.
, 73 Ill. App. 3d 743, 748-49, 392 N.E.2d 120, 124 (1979) (tort arising from breach of contract); 
West American Insurance Co. v. Sal E. Lobianco & Son Co.
, 69 Ill. 2d 126, 132, 370 N.E.2d 804, 806 (1977) (negligence).  The court found the cause of action accrued when Machon breached the contract by sending the letter to the insured obligating Indiana to pay an amount in excess of the amount provided in the policy, even though Indiana could not have known of Machon's error at that time.  The court, applying the discovery rule, stated Indiana had the burden of proving the date of the discovery of its loss (
Hermitage Corp. v. Contractors Adjustment Co.
, 166 Ill. 2d 72, 84-85, 651 N.E.2d 1132, 1138-39 (1995)), and it failed to meet that burden because it did not specify the date when it first became aware of its loss.  
Indiana Insurance
,
 324 Ill. App. 3d at
 304, 753 N.E.2d at
 446. 

Defendants cite 
Indiana Insurance
 as supplemental authority, stating it "supports the contentions" of their argument.  However, they offer no further explanation or application of 
Indiana Insurance
 to the present case.  We find 
Indiana Insurance
 
minimally instructive to the issue in the current case because the nature of the causes of action and the relationships between the parties are quite different.  In 
Indiana Insurance
, the Fist District characterized the cause of action as a tort arising out of a contractual relationship between the insurance company and its agent.  In the present case, we find the defendants' relationship to Broadnax, as insurance broker and agent, is that of a fiduciary.  See 
Kanter v. Deitelbaum
, 271 Ill. App. 3d 750, 753, 648 N.E.2d 1137, 1139 (1995) (relationship between an insured and his broker, acting as the insured's agent, is a fiduciary one).  Therefore, due to the differences in the nature of the causes of action and the fiduciary relationship between Broadnax and defendants, legal malpractice cases are instructive in determining when Broadnax's negligence cause of action accrued.  

In legal malpractice cases, the discovery rule applies to delay the commencement of the statute of limitations until the plaintiff knows or reasonably should know of his injury and that it was wrongfully caused.  
Jackson Jordan, Inc. v. Leydig, Voit & Mayer
, 158 Ill. 2d 240, 249, 633 N.E.2d 627, 630-31 (1994), citing 
Knox College v. Celotex Corp.
, 88 Ill. 2d 407, 414, 430 N.E.2d 976, 979 (1981).  In 
Knox
, the supreme court stated "wrongfully caused" does not mean the injured party must know of the defendant's negligent conduct before the statute is triggered.  
Knox
, 88 Ill. 2d at 415, 430 N.E.2d at 980.

In the present case, both parties cite 
Tucek v. Grant
, 129 Ill. App. 3d 236, 472 N.E.2d 563 (1984), a legal malpractice case in which the discovery rule was applied to determine when the cause of action accrued, and contend its holding supports their respective positions.  In 
Tucek
, plaintiff Tucek retained attorney Grant to represent him in the purchase of real estate and in annexing the property to the City of Sandwich.  
Tucek
, 129 Ill. App. 3d at 237, 472 N.E.2d at 564.  Tucek instructed Grant to include a clause in the "Articles of Agreement for Warranty Deed" making the purchase of the property contingent upon its being annexed by the city.  Grant advised Tucek such a clause was unnecessary because he received a letter from the city attorney stating the city would agree to annex the property.  
Tucek
, 129 Ill. App. 3d at 237, 472 N.E.2d at 564.

   Approximately four years after the deed was executed, the city denied Tucek's request for annexation.  The sellers, who admitted they were aware of the contingency, failed to return Tucek's money or rescind the articles of agreement.  
Tucek
, 129 Ill. App. 3d at 238, 472 N.E.2d at 564-65.  Even though Tucek urged Grant to institute a suit against the sellers, Grant refused.  Tucek retained another lawyer and sued Grant under various theories of professional negligence.  Tucek's complaint was dismissed with prejudice because the trial court determined it was barred by the five-year statute of limitations.  The trial court found Tucek should have been aware the contingency clause did not exist when the deed was executed.  
Tucek
, 129 Ill. App. 3d at 239, 472 N.E.2d at 565.

On appeal, the Second District applied the discovery rule to the case and found the cause of action did not accrue until Tucek learned, for the first time, the city council denied his request for annexation.  The court stated, "[i]t was at this juncture that the plaintiff knew or reasonably should have known of his injury and that it was caused wrongfully as a result of [Grant's] earlier representation or opinion that a contingency clause was unnecessary."  
Tucek
, 129 Ill. App. 3d at 241, 472 N.E.2d at 567.

In the present case, defendants argue Acceptance's May 10, 1996, denial of Broadnax's claim and request for declaratory judgment is equivalent to the city council's denial of Tucek's request for annexation.  Defendants argue at that point Broadnax first knew or reasonably should have known of his injury and that it was wrongfully caused.  According to defendants, Acceptance's denial of Broadnax's claim provided him with the necessary factual basis for his negligence action.  

Broadnax, on the other hand, insists the trial court's October 27, 1997, granting of defendants' motions for summary judgment in his breach of contract action against Acceptance is equivalent to the city council's denial of Tucek's request for annexation.  Therefore, Broadnax argues his September 1, 1999, negligence claim is not barred by the two-year statute of limitations.  Broadnax argues until he knew the outcome of the underlying breach of contract litigation, any negligence claim against defendants would be "frivolous."  We disagree.

Broadnax knew or reasonably should have known of his injury and that it was wrongfully caused on May 10, 1996, when Acceptance first denied his claim and requested a declaratory judgment of no coverage based on the vacancy provision of Broadnax's policy.  There is no doubt Broadnax knew of his injury, the denial of his insurance claim, at this point.  The question then becomes the following:  should Broadnax reasonably have known defendants might have been negligent in procuring the insurance policy that failed to meet Broadnax's needs and resulted in Acceptance's denial of his claim?  
Knox
 tells us a plaintiff need not be 
certain
 of defendant's negligence before the statute is triggered.  
Knox
, 88 Ill. 2d at 415, 430 N.E.2d at 980.  In discussing the discovery rule, 
Knox
 focuses on 
reasonableness
: the limitations period begins to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.  
Knox
, 88 Ill. 2d at 415, 430 N.E.2d at 980.

We find Broadnax should have reasonably known of defendants' possible negligence when Acceptance denied his claim on the basis of the vacancy provision in his policy.  At this point, Broadnax knew the insurance policy, 
procured
 
by
 
defendants
, contained a vacancy provision that was the basis of Acceptance's denial of his claim.  Given this knowledge, there were two reasonable explanations for Acceptance's denial: either (1) Acceptance's interpretation of the vacancy provision was incorrect; or (2) defendants obtained an insurance policy that did not meet Broadnax's specific needs.  

Plaintiff's argument that a lawsuit against defendants would be frivolous at that point is without merit.  The Code allows a party to plead alternative theories of recovery in situations where a party is in doubt as to who is responsible for his injury.  735 ILCS 5/2-613 (West 1998).  The Code states, "[a] bad alternative does not affect a good one."  735 ILCS 5/2-613(b) (West 1998).  Therefore, waiting for a final judicial determination of Acceptance's responsibility in the breach of contract matter and 
then
 waiting nearly two years, almost the entire limitations period, before pursuing a negligence action against the defendants is not a reasonable application of the discovery rule in this case.  

Broadnax had the requisite knowledge to plead alternative theories against both Acceptance and the current defendants when Acceptance denied his claim on May 10, 1996.  Therefore, the trial court correctly determined, as a matter of law, Broadnax's September 1, 1999, negligence cause of action was barred by the two-year statute of limitations period.

B. Motion To Reconsider

Broadnax next argues the trial court erred in denying his motion to reconsider its dismissal of his claims against defendants.  After defendants filed their motions to dismiss, the trial court entered a docket entry requiring Broadnax to file a written response within 24 days of the date of mailing of defendants' motions.  Broadnax failed to file a written response

and he did not request oral argument on the motion.  The trial court, following Local Rule 2.1 (see 6th Judicial Cir. Ct. Rs. 2.1(b), (c) (eff. November 1, 1992)), disposed of the motion without argument. 

A motion to reconsider serves the purpose of bringing the trial court's attention to newly discovered evidence not available at the time of the first hearing, changes in the law, or errors in the court's previous application of existing law.  
Gardner v. Navistar International Transportation Corp.
, 213 Ill. App. 3d 242, 248, 571 N.E.2d 1107, 1111 (1991).  The decision to grant a motion to reconsider rests within the trial court's discretion, and we will not disturb the trial court's decision absent an abuse of such discretion.  
Williams v. Dorsey
, 273 Ill. App. 3d 893, 903, 652 N.E.2d 1286, 1293 (1995).  

Broadnax's motion to reconsider did not present newly discovered evidence or changes in the law to the trial court.  As discussed above, the trial court correctly applied the existing law when it dismissed Broadnax's negligence claim because he failed to comply with the statute of limitations.  The trial court did not abuse its discretion when it denied Broadnax's motion to reconsider.

III. CONCLUSION

We affirm the trial court's granting of defendants' motions to dismiss and its denial of plaintiff's motion to reconsider. 

Affirmed.

TURNER, J., concurs.

COOK, J., dissents.

 JUSTICE COOK, dissenting:

I respectfully dissent.  I disagree the statute of limitations had run in this case.

There was a question whether, under the facts of this case, Acceptance could take advantage of the vacancy provision which it had inserted into its policy.  Acceptance filed a declaratory judgment action and Broadnax responded with a breach of contract action.  The question was resolved when the trial court granted summary judgment to Acceptance on October 27, 1997.  Two years from October 27, 1997, is October 27, 1999, and Broadnax timely filed the present action within that time, on September 1, 1999.

The majority concludes that Broadnax knew of his injury on May 10, 1996, when Acceptance denied his claim and filed its declaratory judgment action.  Why, however, was Broadnax required to assume that action would be resolved against him?  If the policy had been held to provide coverage, any action against the agent for negligence in obtaining the policy would have been completely unnecessary.  It could not be determined whether the agent was negligent until it was determined whether the vacancy provision controlled.

The fact that Broadnax was put on inquiry before the declaratory judgment/breach of contract action was decided is not enough to start the running of the statute.  See 
Guzman v. C.R. Epperson Construction, Inc.
, 196 Ill. 2d 391, 397-98, 752 N.E.2d 1069, 1074 (2001).  Parties should not be compelled to file anticipatory claims which may later prove to be unnecessary.  
Guzman
, 196 Ill. 2d at 400, 752 N.E.2d at 1075.  The statute of limitations should not simply be construed to begin running at the earliest possible moment.  "The purpose behind a statute of limitations is to prevent stale claims, not to preclude claims before they are ripe for adjudication."  
Guzman
, 196 Ill. 2d at 400, 752 N.E.2d at 1075-76.