# Illinois Official Reports

## Appellate Court

---

### *American Family Mutual Insurance Co. v. Krop*, 2017 IL App (1st) 161071

---

| | |
|---|---|
| Appellate Court Caption | AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff-Counterdefendant-Appellee, v. WALTER KROP, Individually and as Father and Next Friend of T.K., a Minor; LISA KROP and MARY ANDRELOAS, as Next Best Friend of A.A., a Minor; Defendants-Counterplaintiffs-Third-Party Defendants-Appellants, (Andy Vargas, Third-Party Defendant-Appellee). |
| District & No. | First District, Third Division<br>Docket No. 1-16-1071 |
| Filed<br>Rehearing denied | May 10, 2017<br>June 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-17305; the Hon. Neil Cohen, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Kristin L. Matej, of Taylor Miller LLC, of Chicago, for appellants.<br><br>Patti M. Deuel, of Leahy, Eisenberg & Fraenkel, Ltd., of Chicago, for appellee American Family Mutual Insurance Company.<br><br>Hinshaw & Culbertson LLP, of Chicago (Stephen R. Swofford and Kent J. Cummings, of counsel), for other appellee. |

| Panel | JUSTICE COBBS delivered the judgment of the court, with opinion. Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment and opinion. |
|---|---|

## OPINION

¶ 1      Plaintiff American Family Mutual Insurance Company (American Family) brought a complaint for declaratory judgment against Walter Krop and Lisa Krop (collectively, the Krops) seeking a declaration that the Krops were not entitled to coverage or protection under its home insurance policy procured in 2012. In response, the Krops brought a counterclaim against American Family and a third-party complaint against American Family agent Andy Vargas. Both American Family and Vargas moved to dismiss the counterclaim and third-party complaint pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (the Code). 735 ILCS 5/2-615, 2-619 (West 2014). The trial court granted their motions pursuant to section 2-619 and made no ruling as to section 2-615. For the reasons that follow, we reverse and remand.

¶ 2      **I. BACKGROUND**

¶ 3      This appeal arises from the dismissal of defendants' counterclaim and third-party complaint. Before considering the issues raised on appeal, we first set out the relevant facts as alleged in the counterclaim and third-party complaint.

¶ 4      In March 2012, Walter and Lisa Krop met with Vargas, an American Family sales agent, regarding their homeowner's insurance. At that time, the Krops were insured through Travelers Insurance Company. The Travelers policy provided coverage for certain intentional acts, bodily injury, property damage, and personal injury. Under the Travelers policy, personal injury included libel, slander, defamation of character, and invasion of privacy. The Krops expressed to Vargas that they wanted an insurance policy with equivalent coverage to the Travelers policy. The Krops alleged Vargas stated that American Family could provide equivalent coverage at a lower or comparable rate.

¶ 5      American Family issued its homeowner's policy to the Krops on March 21, 2012. The American Family policy includes coverage for bodily injury and property damage. The policy does not provide coverage for personal injury, injury resulting from intentional acts, or abuse. After receiving the policy in 2012, the Krops did not complain about the limits of coverage and subsequently renewed the policy in 2013, 2014, and again in 2015.

¶ 6      On May 14, 2014, the Krops' son, T.K., was sued by Mary Andreloas, as next best friend of A.A., a minor, in the circuit court of Cook County. The Andreloas complaint sought damages for defamation, invasion of privacy, and intentional infliction of emotional distress as the result of alleged harassment and bullying by minor defendants including T.K. The Krops made a claim for coverage under the American Family policy. Their request was denied on August 20, 2014.

¶ 7      In the six-page denial letter sent to the Krops, American Family restated the limitations of the Krops' policy, specifically, citing the policy's definition of "bodily harm," which did not include "emotional or mental distress, mental anguish, mental injury, or any similar injury

unless it arises out of actual bodily harm to the person" and the exclusion of coverage for damages or injury resulting from abuse or intentional conduct. American Family also stated that the facts that gave rise to the complaint occurred in 2011, thus predating the Krops' policy.[1]

¶ 8    On October 30, 2014, American Family filed a complaint seeking a declaratory judgment regarding coverage for the Krops under the homeowner's insurance policy. Specifically, American Family sought a declaration that the allegations in the Andreloas complaint fell within the exclusions of the Krops' insurance policy, thus requiring no coverage or protection.

¶ 9    The Krops filed a counterclaim against American Family and a third-party complaint against Vargas on September 22, 2015. The Krops alleged that Vargas, as an agent of American Family, negligently failed to procure the level of insurance coverage they requested. Subsequently, both American Family and Vargas filed motions to dismiss alleging that the Krops' claims were filed after the two-year statute of limitations for actions against insurers and thus barred. On February 4, 2016, the trial court granted American Family's and Vargas's motions, finding that the Krops' counterclaim and third-party complaint were filed outside of the two-year statute of limitations.

¶ 10                                II. ANALYSIS

¶ 11    On appeal, the Krops argue that both their counterclaim and third-party complaint are timely because the discovery rule tolled the statute of limitations. Specifically, the Krops argue the statute of limitations did not start to run until they were denied coverage in August 2014. In its response, American Family asserts that the Krops' claims were untimely because the statute of limitations began to run once the Krops received the policy in 2012. American Family further argues that the discovery rule is inapplicable to the Krops' claims because they had a duty to read their policy. Vargas filed a separate response making similar arguments. He also argues that the discovery rule does not apply to cases where the alleged deficiency of the policy plainly appeared on the face of the policy.

¶ 12    American Family and Vargas brought their motions to dismiss defendant's counterclaim and third-party complaint pursuant to sections 2-615 and 2-619(a)(9) of the Code. A motion to dismiss under section 2-619 admits the legal sufficiency of the complaint but asserts affirmative matters outside of the complaint barring the claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). A section 2-619 motion admits as true all well-pleaded facts, along with reasonable inferences that can be gleaned from those facts. *Piser v. State Farm Mutual Automobile Insurance Co.*, 405 Ill. App. 3d 341, 344 (2010). The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation. *Thurman v. Champaign Park District*, 2011 IL App (4th) 101024, ¶ 18. Specifically, subsection 2-619(a)(9) of the Code permits a court to dismiss a complaint if it was not commenced within the time limited by law. The court should grant a section 2-619 motion if, after construing the documents in the light most favorable to the nonmoving party, there are no disputed issues of material fact. See *Perelman v. Fisher*, 298 Ill. App. 3d 1007, 1013 (1998). We review the dismissal of a cause of action pursuant to section 2-619 *de novo*. *Id.*

---

[1]On appeal, American Family makes no argument regarding the underlying complaint which gave rise to the insurance claim. Thus, we do not address it.

¶ 13    In their counterclaim and third-party complaint, the Krops allege that Vargas failed to procure the level of insurance they requested in violation of section 2-2201(d) of the Code. 735 ILCS 5/2-2201(d) (West 2014).[2] Defendants respond that any claims for a violation of the Code are time barred for having not been brought within the applicable two-year limitations period.[3]

¶ 14    Here, the parties do not dispute that claims against an insurance producer must be brought within two years of the date the cause of action accrues. Neither do they dispute that the discovery rule may extend the limitations period based upon when an insured knew or reasonably should have known of his injury. The parties differ, however, on when, in this case, the insureds knew or reasonably should have known of their injury so as to trigger the running of the statute of limitations.

¶ 15    Our supreme court has distinguished when a cause of action accrues for tort and contract actions. See *West American Insurance Co. v. Sal E. Lobianco & Son Co.*, 69 Ill. 2d 126 (1977). When the cause of action alleges tortious conduct, the cause of action generally accrues when the plaintiff suffers injury. *Id.* at 129-30. In breach of contract actions and torts arising out of contractual relationships, the cause of action accrues at the time of the breach, not when the party sustains damages. *Id.* at 132. Such was the case in *Indiana Insurance Co. v. Machon & Machon, Inc.*, 324 Ill. App. 3d 300, 303 (2001), in which an insurer sued its agent.

¶ 16    Historically, Illinois has recognized that the relationship between an insured and his broker, acting as the insured's agent, is a fiduciary one. See *Garrick v. Mesirow Financial Holdings, Inc.*, 2013 Il App (1st) 122228, ¶ 31; *DOD Technologies v. Mesirow Insurance Services, Inc.*, 381 Ill. App. 3d 1042, 1046 (2008); *AYH Holdings, Inc. v. Avreco, Inc.*, 357 Ill. App. 3d 17, 32 (2005); *Perelman*, 298 Ill. App. 3d at 1011. Thus, for cases in which an insured alleges tortious conduct by its agent, although the cause of action accrues at the time of the breach, the statute of limitations is subject to tolling by application of the discovery rule. *Broadnax v. Morrow*, 326 Ill. App. 3d 1074, 1079 (2002). Accordingly, commencement of the statute of limitations is delayed until the plaintiff knows or reasonably should know of his injury and that it was wrongfully caused. *Id.*; see also *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981).

¶ 17    Defendants assert that this court's decision in *Hoover v. Country Mutual Insurance Co.*, 2012 IL App (1st) 110939, a case involving claims brought by an insured against its agent, is dispositive. In *Hoover*, the plaintiffs contacted an agent from Country Mutual Insurance for the purpose of obtaining additional homeowner's insurance coverage sufficient to cover the replacement costs of their home and its contents in the event of a loss. *Id.* ¶ 20. In May 2007,

---

[2]Section 2-2201(d) provides: "While limiting the scope of liability of an insurance producer, registered firm, or limited insurance representative under standards governing the conduct of a fiduciary or a fiduciary relationship, the provisions of this Section do not limit or release an insurance producer, registered firm, or limited insurance representative from liability for negligence concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance." 735 ILCS 5/2-2201(d) (West 2014).

[3]Section 13-214.4 of the Code provides that "[a]ll causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues." 735 ILCS 5/13-214.4 (West 2014).

Country Mutual delivered a new policy to the plaintiffs. *Id.* ¶ 4. In January 2008, the home was destroyed by an explosion, which prompted the Hoovers' claim for coverage. *Id.* ¶ 13. After making several payments on the claim, the agent for Country Mutual informed the Hoovers that no further payments would be forthcoming as, under the terms of the policy, they were not entitled to full replacement cost coverage. *Id.* ¶¶ 16-17.

¶ 18 In March 2010, the Hoovers sued both the agent and Country Mutual, alleging breach of contract, bad faith, and negligence. *Id.* ¶ 18. Both Country Mutual and the agent separately moved to dismiss the complaint, asserting, *inter alia*, that the action was time barred. *Id.* ¶¶ 23-24. In response, the Hoovers argued that the statute of limitations was tolled until they actually learned of their injury, which, they maintained, was not until Country Mutual denied additional payment on their claim. *Id.* ¶ 26. The trial court dismissed all claims as time barred. *Id.* ¶ 27.

¶ 19 A division of this court, sitting in the First District, affirmed the trial court's dismissal. *Id.* ¶ 56. In so doing, the court held that when Country Mutual provided the plaintiff with a copy of the policy, they "knew or should have known" of the policies' deficiencies. Rejecting the Hoovers' argument that the discovery rule tolled the statute of limitations, the court found that because the plaintiffs received the policy more than two years before they filed their complaint, the statute of limitations precluded their claims. *Id.* ¶ 61.

¶ 20 Illinois cases decided prior to *Hoover* have applied the discovery rule to toll the statute of limitations in cases like the one now before us. See, *e.g.*, *Broadnax*, 326 Ill. App. 3d 1074; *General Casualty Co. of Illinois v. Carroll Tiling Service, Inc.*, 342 Ill. App. 3d 883 (2003). In *Broadnax*, the case upon which the Krops rely, the plaintiff insured alleged that the defendant insurer was negligent in failing to procure an insurance policy that met his coverage needs with respect to a parcel of property the plaintiff intended to renovate. *Broadnax*, 326 Ill. App. 3d at 1076. When a fire destroyed the property prior to its renovation, the plaintiff brought a declaratory judgment action against the insurance company regarding coverage. The trial court granted summary judgment in favor of the defendant insurer, citing the plaintiff's failure to comply with the relevant provisions of the policy, which was affirmed on appeal. *Id.*

¶ 21 The plaintiff subsequently filed a separate negligence action against the insurance agent. *Id.* at 1077. The defendants moved to dismiss, asserting the two-year statute of limitations bar. The trial court granted the motion to dismiss, and on appeal to this court, sitting in the Fourth District, we affirmed.

¶ 22 In its analysis, the court distinguished *Indiana Insurance*, the case upon which the insurance agents relied. The court noted that in *Indiana Insurance*, the claims were brought by the insurer against its own agent and, therefore, the cause of action as well as the relationship between the parties differed from those in *Broadnax*. *Id.* at 1079. Although the plaintiff in *Broadnax* did not ultimately prevail, the court noted that the defendant's relationship to the plaintiff, as insurance broker and agent, was that of a fiduciary. *Id.* The court likened the case to legal malpractice cases in which the discovery rule applies to delay commencement of the statute of limitations. Accordingly, the court held that the plaintiff insured's claim against the insurance agent accrued at the time of the denial of coverage as opposed to after damages were sustained as a result of the denial of coverage. *Id.* at 1081.

¶ 23 With the exception of *Hoover*, *Broadnax* has been followed in several cases to hold that a cause of action brought by an insured against an insurance agent accrues when coverage is denied. See, *e.g.*, *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill.

App. 3d 548 (2009); *General Casualty*, 342 Ill. App. 3d at 899-900; see also *Commonwealth Insurance Co. v. Stone Container Corp.*, 323 F.3d 507, 510-11 (7th Cir. 2003) (comparing *Broadnax* and *Indiana Insurance* to the law in other jurisdictions and finding nothing "outside the norm"); but see *Wallace Auto Parts & Service, Inc. v. Charles L. Crane Agency Co.*, No. 14-1377-SMY-DGW, 2015 WL 8606429 (S.D. Ill. Dec. 14, 2015) (expressly rejecting *Broadnax* and following the reasoning in this court's decision in *Hoover*).

¶ 24    In this case, the trial court rejected the Fourth District's decision in *Broadnax*, 326 Ill. App. 3d 1074, as well as *State Farm Fire & Casualty*, 394 Ill. App. 3d 548, as factually inapposite and found the First District's decision in *Hoover*, this court's "most recent pronouncement," to be on point.

¶ 25    More recently, in *Scottsdale Insurance Co. v. Lakeside Community Committee*, 2016 IL App (1st) 141845, a different division of this court, sitting in the First District, found reason not to follow *Hoover*. In so doing, the court reaffirmed that long line of Illinois cases which hold that the cause of action in these types of cases accrues when the insured learns that its insurer is denying coverage, not when the policy was procured.

¶ 26    In *Scottsdale*, the Cook County public guardian sued the Lakeside community committee for the wrongful death of young Angel Hill, a ward of the court. Lakeside agreed to a consent judgment and assigned its claims against its insurer, Scottsdale Insurance Company, and its insurance broker, W.A. George Insurance Agency, to the public guardian. Scottsdale denied coverage and filed a declaratory judgment action. The public guardian then filed a third-party complaint against W.A. George, alleging fraud, negligence, breach of contract, and breach of fiduciary duty in procuring the insurance policy. *Id.* ¶ 2. The trial court, finding that Lakeside knew or should have known that W.A. George obtained the wrong type of insurance policy when the policy was procured more than two years before the third-party complaint was filed, dismissed the complaint as time barred. *Id.* Lakeside appealed.

¶ 27    On appeal, Lakeside, relying on the discovery rule, contended that the statute of limitations did not begin to run until such time as Scottsdale denied coverage. *Id.* ¶ 21. Contrarily, W.A. George contended that, as in *Hoover*, the discovery rule should not be applied to toll the statute of limitations because Lakeside was put on notice that the policy was inadequate on the date it was first issued. *Id.* In its analysis, the court found *Hoover* distinguishable, noting first that the circumstances in which Lakeside acquired its policy differed from the circumstances in *Hoover*. *Id.* ¶ 36. In *Hoover*, the plaintiffs "already had a homeowners' policy and were negotiating directly with a Country Mutual agent to amend just one portion." *Id.* Further, although "the specific type of loss that could occur *** was unknown, the plaintiffs in *Hoover* were seeking a specific provision." *Id.*

¶ 28    Conversely, Lakeside hired W.A. George to procure a policy that would cover multiple types of claims. *Id.* ¶ 37. Even had Lakeside representatives read the policy in advance, they would not know in advance that a claim involving the murder of a child in Department of Children and Family Services custody was not covered until the claim was denied. *Id.* Relying on that line of cases which hold that the discovery rule applies to toll the running of the statute until the insured has knowledge that coverage has been denied, the court reversed the trial court's dismissal of Lakeside's third-party complaint against W.A. George and remanded for further proceedings. *Id.* ¶ 38.

¶ 29    Like *Scottsdale*, we also decline to follow *Hoover* but for a different reason. The weight of authority in Illinois remains that the cause of action for claims of negligence between an

insured and the insured's agent accrues at the time coverage is denied. A review of the analysis in *Perelman*, 298 Ill. App. 3d 1007, also a First District case, is instructive.

¶ 30    In *Perelman*, the plaintiff retained an insurance broker for the purpose of procuring a disability insurance policy that would contain a provision that would increase the amount of disability payments in order to meet increases in inflation. *Id.* at 1008. The broker offered, and the plaintiff accepted, a policy with a monthly disability benefit of $4000. Upon issuance of the policy, an accompanying transmittal letter requested that the plaintiff review the policy and contact the broker if the plaintiff had any questions regarding his coverage. *Id.*

¶ 31    The policy as issued did not contain a provision that would keep pace with inflation. In a sworn statement, the agent averred that he explained to plaintiff prior to issuance of the policy that it did not contain a cost of living adjustment. However, plaintiff averred that during negotiation of the policy, the agent told plaintiff that he was purchasing a " 'premier' " policy, which was the " 'best' " policy available at the time. The plaintiff alleged that when he received the policy, he " 'skimmed' " through it to confirm the monthly disability benefit was for the amount requested. *Id.* at 1008-09.

¶ 32    Sometime later, the plaintiff suffered a disability and sought coverage, which was provided but without any future increases for inflation. *Id.* at 1009. When the policy benefits did not increase with inflation, the plaintiff filed claims against the broker for breach of contract and negligent misrepresentation. *Id.* Defendant filed a motion to dismiss under section 2-619 of the Code. In support, the defendants argued that when the plaintiff received the policy he reasonably knew or should have known, for the purpose of commencing the limitation period under the discovery rule, that the policy did not contain a provision for an annual increase of benefits to meet the inflation rate. *Id.* at 1009-10.

¶ 33    The policy, having been issued more than two years prior to the filing of the complaint, was dismissed on the agent's motion as time barred. *Id.* at 1010. This court reversed. Citing our earlier decision in *Foster v. Crum & Forster Insurance Cos.*, 36 Ill. App. 3d 595, 598 (1976), we first reaffirmed that in an action where the insured sues his insurer "after failing to note a discrepancy between the policy issued and received versus the policy requested or expected, the insured will be bound by the contract terms because he or she is under a duty to read the policy and inform the insurer of any discrepancy so that a prompt correction may be made without prejudicing the rights of either party." In such cases, plaintiffs are not excused from their burden of knowing the contents of the policy when there are no allegations that the language of the policy was ambiguous. *Perelman*, 298 Ill. App. 3d at 1011.

¶ 34    That said, the court then noted the distinction between an action brought by an insured against the insurer, who issues the policy, and one brought by an insured against the agent, who procures the policy. In the latter, the relationship between the parties is one of fiduciary. *Id.* at 1011. Relying on the reasoning and the holdings in *Black v. Illinois Fair Plan Ass'n*, 87 Ill. App. 3d 1106 (1980), and *Economy Fire & Casualty Co. v. Bassett*, 170 Ill. App. 3d 765 (1988), the court held that the trial court erred in dismissing the plaintiff's case because a genuine issue of material fact existed as to when the plaintiff knew or should have known that the policy was defective. *Perelman*, 298 Ill. App. 3d at 1013. Significantly, in *Perelman*, the court noted that the insured's failure to read and understand the terms of a policy procured by his broker was not an absolute bar to the insured's right to recover against his broker for breach of the broker's fiduciary duty. *Id.*

¶ 35    As *Perelman* makes clear and *Broadnax* affirms, it is the relationship between the parties that defines their respective duties and, thus, also defines the point in time when the cause of action accrues. Put another way, when an insurance agent owes a fiduciary duty to an insured, a cause of action for breach of that duty accrues at the time of the breach, but the statute of limitations is subject to tolling by application of the discovery rule. *General Casualty*, 342 Ill. App. 3d at 900. The discovery rule inquires of the plaintiff when he or she knew or reasonably should have known of their injury. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 77 (1995). This court has consistently held that in the case of an insured's claim against its agent, the plaintiff knows or reasonably should know of the injury at the moment when coverage is denied. *State Farm Fire & Casualty*, 394 Ill. App. 3d at 566; *Broadnax*, 326 Ill. App. 3d at 1081; *Indiana Insurance*, 324 Ill. App. 3d at 304.

¶ 36    In this case, the Krops, as insureds, filed a claim under the insurance policy procured for them by their agent. On August 20, 2014, coverage was denied. Accordingly, consistent with *Perelman* and its progeny, the Krops knew or reasonably should have known of their injury on August 20, 2014. The Krops filed their third-party complaint against the agent, Vargas, and American Family on September 22, 2015. Thus, their claims are not time barred.

¶ 37                                    CONCLUSION

¶ 38    For the foregoing reasons, we find that defendants' counterclaim and third-party complaint were not time barred, as the cause of action accrued upon denial of coverage. Accordingly, we reverse the decision of the circuit court of Cook County granting plaintiff's motion to dismiss and remand for further proceedings. Because the trial court did not rule on plaintiff's section 2-615 motion to dismiss, we do not address it here.

¶ 39    Reversed and remanded.