**David O. WALLACE, Appellant,**

v.

**Walter W. HELBIG, Respondent.**

No. 72334.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 6, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1998.

Application to Transfer Denied
April 21, 1998.

Dodson, Breeze, Kister & Roberts, Kurt D. Breeze, Hillboro, for appellant.

Ray Dickhaner, Hillsboro, for respondent.

KAROHL, Judge.

 Plaintiff, David O. Wallace, sued his insurance agent/broker, Walter W. Helbig, for negligent failure to provide insurance coverage. Wallace appeals summary judgment for Helbig. He contends the trial court erred in concluding that his cause of action is barred by a five year statute of limitations. There is no dispute regarding the appropriate statute of limitations, Section 516.120(4) RSMo 1994. Wallace's cause of action accrued for purposes of Section 516.120 when damages resulting from the offending act were sustained and capable of ascertainment. Section 516.100 RSMo 1994. Damages are "capable of ascertainment" under Section 516.100 when a plaintiff with a recognized legal theory of recovery sustains compensable damages. *Hopmeier v. First Am. Title Ins. Co.*, 856 S.W.2d 387, 389 (Mo.App. E.D. 1993). Knowledge of the precise amount of damages is not necessary. *Id.* The only issue for decision is the date on which the statute of limitations began to run.

For purposes of this opinion the facts are undisputed. Wallace sought from Helbig insurance coverage for a farming operation. Helbig obtained a policy for Wallace from Columbia Mutual Insurance Company (Columbia) effective September 1, 1984. Additional facts are taken from the summary judgment entered by the trial court.

Thereafter, a casual employee was seriously injured in a tractor roll over incident on the Plaintiff's farm, in July of 1985. The employee sued the Plaintiff in 1986. The company with whom the Defendant placed the policy sent a reservation of rights letter to the Plaintiff with respect to that suit in June of 1986, and on September 29, 1986, filed a Declaratory Judgment action against Plaintiff herein, to declare that the policy, placed with them by Defendant herein, did not provide coverage.

Suit in this matter was filed on March 22, 1993, five years to the day that the Court entered its Declaratory Judgment that the Insurance Company was not liable under the policy that Defendant herein procured for Plaintiff herein.

The question is whether mere filing of the Declaratory Judgment action alleging that the policy procured by Defendant herein did not provide coverage, sufficiently put the Plaintiff herein on notice of a potential cause of action against Defendant herein for negligent failure to provide requested coverage, so that the statute of limitations began running? Put another way, was it necessary for the Declaratory Judgment action to be actually ruled against Plaintiff herein before he is on notice sufficient to begin the running of the five year limitation.

It is this Court's opinion that the five year period began to run as soon as the company filed suit to declare that the policy they issued did not provide coverage, that is on September 29, 1986. This suit for negligent failure to provide requested coverage was not filed until March 22, 1993, more than five years after the Plaintiff herein had knowledge of the accrual of the cause of action. It is well settled that it is not necessary that the total damages be ascertainable at that time (as they were not in this case), but only that Plaintiff have knowledge of the alleged wrong, and that some damages had accrued. The Plaintiff herein had to defend the declaratory judgment action and suffered some damages immediately upon the filing of the declaratory judgment action against him.

Helbig relies on *Chicago Title Ins. Co. v. Jackson, Brouillette, Pohl & Kirley, P.C.*, 930 S.W.2d 22 (Mo.App. W.D.1996). He argues the Western District of this court found a plaintiff's cause of action for legal malpractice accrued when he incurred expenses for attorney's fees for his own, independent legal counsel to obtain an opinion that he had a cause of action for legal malpractice. The Western District held that his claim for legal malpractice was barred by the five year statute of limitations because he failed to file suit within five years of the date he learned he had a cause of action and was damaged by an obligation for attorney's fees.

Wallace relies primarily on a decision of this court, *Nuspl v. Missouri Medical Ins. Co.*, 842 S.W.2d 920 (Mo.App. E.D.1992). He argues that his damages were not "capable of ascertainment" until judgment was entered for $900,000 in favor of the employee who sued Wallace. That occurred on November 28, 1989. Wallace and Helbig agree that the policy issued and received by Wallace obligated Columbia to defend him and it performed that duty. Accordingly, Wallace sustained no damages as expenses in defense of the employee's claim. Wallace argues that until the money judgment was entered in that suit it had no damages and, therefore, no cause of action against defendant Helbig.

■ We find this case is not controlled by any of the authorities relied upon by the parties. We hold the trial court erred in entering a judgment for Helbig based upon the statute of limitations. We find the statute of limitations began to run on March 22, 1988, when the trial court entered a declaratory judgment in favor of Columbia and against Wallace which determined that the insurance policy provided by Helbig did not provide coverage for the employee's cause of action against Wallace. One effect of the declaratory judgment was to obligate Wallace for his own attorney's fees and expenses

in the declaratory judgment suit which could be recovered only from Helbig. In the event the court had declared there was coverage, Wallace would not have had a cause of action against Helbig under any recognized legal theory and any expenses in resolving the dispute in favor of coverage, would not be an obligation of Helbig. However, the judgment declaring no coverage gave Wallace a claim for existing damages, attorney's fees and litigation expenses, and activated the period of limitations. Accordingly, the statute of limitations on Wallace's claim against Helbig began to run on March 23, 1988, and concluded on March 22, 1993. Rule 44.01. The suit filed on March 22, 1993, was timely.

We reverse and remand.

AHRENS, P.J., and CRANDALL, concur.