Alan F. BURNS

v.

**CONNECTICUT MUTUAL LIFE INSURANCE COMPANY et al.**

**No. 98–412–Appeal.**

Supreme Court of Rhode Island.

Jan. 13, 2000.

Mark B. Morse, Providence, for plaintiff.

Paul M. Sanford, Mary Beth Furia, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 7, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. The plaintiff, Alan F. Burns (Burns), has appealed a final judgment dismissing defendant H. Randell Howard (Howard) from the case and a final judgment granting the motion to dismiss of defendant, Connecticut Mutual Life Insurance Company (Connecticut Mutual). After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the issues raised by this appeal shall be summarily decided.

This is a breach of contract action in which Burns argued that Connecticut Mutual wrongfully terminated his disability benefits pursuant to a disability insurance policy issued to him on October 4, 1988. Burns also alleged that Howard, an insurance agent for Connecticut Mutual, was negligent in failing to inform Burns that he was not insurable. Connecticut Mutual filed a counterclaim, alleging that Burns fraudulently misrepresented material facts on his application for insurance and seeking a declaration that Connecticut Mutual is under no obligation to pay benefits to Burns. The counterclaim also sought a reformation or rescission of the contract and a return of the benefits paid to Burns, reduced by the amounts he had paid in premiums. On appeal, Burns argued that Howard should not have been dismissed from the case and that the granting of

Connecticut Mutual's motion to dismiss was error.

On August 26, 1988, Burns consulted with Howard in order to purchase a disability insurance policy. The face page of the October 4, 1988, policy issued by Connecticut Mutual to Burns specifically instructed the policyholder to "READ YOUR POLICY CAREFULLY" and also stated that "Your policy is issued in consideration of your application * * * [a] copy of your application is attached and a part of this policy." There was nothing concealed from Burns, and he alone possessed all the information required to complete the application. With reasonable diligence, Burns could have discovered on October 4, 1988, or shortly thereafter, that the application contained inaccurate information concerning his criminal record, his earned income, his physical job duties, and the severity of a previous back injury.

■ Burns argued that he had no reason to know of Howard's negligence until 1993, when harm began to accrue to him because Connecticut Mutual rescinded the contract and terminated his disability benefits. Burns filed the action against Howard on June 7, 1993. On October 16, 1997, Howard filed a motion to dismiss Burns's complaint, alleging that the claims asserted against him were time-barred by G.L. 1956 § 9-1-14.1, which provides that an action for insurance agent malpractice "shall be commenced within three (3) years from the time of the occurrence of the incident."

Burns appeared pro se at the hearing on the motion on November 4, 1997. The motion justice determined that "using the most liberal date that could be applied under these facts," Burns's complaint should have been filed by October 4, 1991, three years following the date upon which the policy was issued. After further finding that the time period could not be extended under the discovery rule, the motion justice granted Howard's motion to dismiss.

We agree that the action against Howard was not timely in light of § 9-1-14.1, and the justice did not err in granting Howard's motion to dismiss. *See Dionne v. Baute*, 589 A.2d 833, 835 (R.I.1991) (in a medical malpractice action, it was undisputed that the plaintiff received the medical records; she thereby became obligated to examine those documents in a thorough and diligent manner, and whether she did so or not was a question of law for the trial justice).

█ Burns further argued that the motion justice erred in dismissing his claims against Connecticut Mutual because Burns failed to abide by a conditional order of dismissal but ultimately produced the requested documents. Rule 37(b)(2)(C) of the Superior Court Rules of Civil Procedure vests authority in the motion justice to enter final judgment dismissing the action when a party fails to comply with a court order to provide or permit discovery. "Despite the severity of a final judgment dismissing the action, this court will affirm a trial justice's use of this type of drastic sanction in the face of a party's persistent failure to comply with discovery obligations." *Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I.1996) (per curiam). Burns argued that dismissal was a drastic remedy, unsuited to his alleged misconduct in the case at bar. We disagree.

Connecticut Mutual had sought copies of doctors' records and records of American Industrial Fasteners (AIF), a business that Connecticut Mutual believed Burns was operating during the time period in which he claimed he was disabled. At a November 20, 1997 hearing on Connecticut Mutual's motion for a conditional dismissal, Burns told the court that he had produced all the AIF records in his possession. He explained that, at one time, there were more records but that those records were lost when the computer hard-drive in which they were stored "crashed." Counsel for Connecticut Mutual challenged this representation and pointed to the deposition testimony of Burns's wife, in which she described a filing cabinet full of AIF documents. Noting the apparent inconsistency, the motion justice commented that, "[Burns] may be committing perjury." Nevertheless, she allowed him four additional days to comply with the conditional order of dismissal. Burns did not timely comply; in fact, he did not comply until after he retained a lawyer. Moreover, the motion justice described the belatedly-produced-records as a "mass of documents" that "didn't just suddenly turn up." Thus, Burns persistently and flagrantly ignored the court's order to produce documents and compounded the misconduct by making obvious misrepresentations to the court to avoid dismissal because of his noncompliance with the court's order.

In light of these facts, we conclude that the trial justice did not abuse her discretion in finding that dismissal, although drastic, was appropriate in this case.

Therefore, we deny and dismiss the appeal, and affirm the judgments of the Superior Court, to which we remand the papers of the case.