KOSA, d.b.a. Kosa Excavating, Appellant,

v.

FREDERICK, Appellee.

[Cite as *Kosa v. Frederick* (2000), 136 Ohio App.3d 837.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–99–067.

Decided March 24, 2000.

*Howard E. Mentzer* and *John W. Mygrant,* for appellant.

*Joseph F. Nicholas, Jr.,* for appellee.

Sherck, Judge.

This accelerated appeal comes to us from an order issued by the Ottawa County Court of Common Pleas, granting summary judgment in a professional negligence case.

In the 1980s, appellant, John Kosa, d.b.a. Kosa Excavating, developed a small subdivision in Ottawa County. In order to provide lake access to the lots in the subdivision, appellant constructed a canal, which was buttressed by a seawall. When the seawall collapsed, the property owners to whom appellant had sold lots sued for damages. Appellant sought defense and indemnification from his insurer, Auto Owners Insurance, Inc., but the company, for the most part, denied the claim. This denial of coverage was ratified by a 1990 Ottawa County declaratory judgment. We affirmed. *Auto Owners Ins., Inc. v. Kosa* (Nov. 3, 1995), Ottawa App. No. OT–92–025, unreported, 1995 WL 643137.

On August 18, 1997, appellant filed a suit against appellee, insurance agent David J. Frederick, asserting that Frederick was negligent in failing to procure proper insurance and/or insurance limits for the project. Appellee responded with a motion for summary judgment, claiming that appellant's suit was time-barred by the four-year statute of limitations contained in R.C. 2305.09.

At issue was the date that appellant's cause of action accrued. Appellee argued that appellant's cause arose when the damage which precipitated appellant's claim occurred. According to appellee, that date at the latest was December 26, 1990, the day the Ottawa County Court of Common Pleas issued its declaratory judgment limiting coverage. Appellant insists that a cause of action did not accrue until 1995, when, on appeal, we affirmed the lower court's order.

The trial court determined that appellant's cause of action accrued, "at the very latest, on December 26, 1990, when the court filed its judgment entry [limiting coverage.]" Consequently, the court concluded that the suit was barred by R.C. 2305.09 and granted summary judgment to appellee.

In a single assignment of error, appellant now asserts that the trial court erroneously determined the accrual date.

Both parties, each citing *Kunz v. Buckeye Union Ins. Co.* (1982), 1 Ohio St.3d 79, 1 OBR 117, 437 N.E.2d 1194, agree that the applicable statute of limitations for negligence by an insurance agent is R.C. 2305.09(D). The statute requires that a suit to recover damages from certain tortious activity, including acts of negligence by an insurance agent, be brought within four years of the date the cause of action accrued or be forever barred. *Id.* at 80, 437 N.E.2d at 1195.

Citing our *Gray v. Estate of Barry* (1995), 101 Ohio App.3d 764, 656 N.E.2d 729, appellant insists the cause did not accrue until all legal recourse on the

coverage issue was exhausted and damages were finally and unequivocally set: November 3, 1995, when we affirmed the trial court's judgment limiting coverage under the policy. Such an accrual date is in conformity with *Gray* and serves the policy interest of preserving judicial resources, appellant argues.

Appellee responds that *Gray*, in fact, supports his position. Appellee states that *Gray* holds that there can be no negligence without injury and that there is no injury before there is harm to a legally protected interest. In the context of this case, appellee argues that that would have been in 1985 when appellant constructed the defective seawall, or, at the latest, in 1990 when it was judicially determined that coverage for his loss was limited. In either event, according to appellee, the trial court properly determined that either date brought the suit outside the statute of limitations.

*Kunz* and *Gray* are in conformity. Our *Gray* opinion merely applied *Kunz* in the context of accountant malpractice. In *Kunz*, the question was, as here, the date of accrual of a cause of action against an insurance agent who allegedly failed to procure appropriate coverage. The *Kunz* court found the question novel in Ohio jurisprudence and looked to a decision from the Alaska Supreme Court for guidance.

In *Austin v. Fulton Ins. Co.* (Alaska 1968), 444 P.2d 536, the question was the accrual date of a cause of action for an insurance agent's alleged negligent failure to provide earthquake insurance. The Alaska court held:

"The statute of limitations as to torts does not usually begin to run until the tort is complete. A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff. Appellant's interest was in being protected against earthquake loss. There was no invasion, or infringement upon or impairment of such interest until there had been a loss by earthquake, because until that event occurred such protection could avail appellant nothing. His interest, which is legally protected, was in having such protection when it was needed, at the time of the loss and not before. Thus, in a case like this there must be an injury or harm to appellant as a consequence of appellees' negligence to serve as a basis for recovery of damages before the tort became actionable and before the period of limitation commenced to run." *Id.* at 539.

Both the *Kunz* court and the *Austin* court concluded that a cause of action accrued and, concomitantly, the statute of limitations began to run when property that was supposed to have been covered was damaged, giving rise to what would have been a claim had there been coverage. In *Gray* we applied this rule to an accountant for a negligently prepared tax return, but concluded that a cause of action did not accrue until the Internal Revenue Service assessed a penalty. The reasoning for this decision was that the plaintiff had no loss if he was only

ordered to pay the tax which he should have paid in the first place. It was the penalty which provided injury to the plaintiff. *Gray, supra* 101 Ohio App.3d at 768–769, 656 N.E.2d at 731–732.

The present case is somewhat different because appellant sought to be indemnified for liability from the claims of others. That being the case, no cause could have accrued in 1985 when appellant completed construction of the defective seawall or in 1987 when the seawall collapsed. The earliest point in which this cause of action could have accrued was in 1988, when property owners made claims and brought suit for damages resulting from the collapsed seawall.[1]

The trial court generously set the latest point at which a cause could have accrued as 1990, when the court issued its declaratory judgment on coverage. The court, therefore, concluded that appellant's 1997 initiation of suit was beyond the statute of limitations. This decision is in conformity with *Kunz, Austin,* and *Gray*. Accordingly, appellant's single assignment of error is found not well taken.

Upon consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed, costs to appellant.

*Judgment affirmed.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.

---

1. There is an argument that the cause may not have accrued until the insurer denied any duty to defend or indemnify, but we need not reach that issue here. In either instance, appellant's suit is well outside the statute of limitations.