# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3759

_____

| | | |
|---|---|---|
| Helene Eichenwald, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Stephen Bradley Small, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 9, 2002

Filed: March 7, 2003 (Corrected: 05/21/03)

_____

Before McMILLIAN, RICHARD S. ARNOLD and MELLOY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Helene Eichenwald brought this legal malpractice action against her former attorney, Stephen B. Small, based upon his alleged failure to file common law claims of assault and battery against her former employer, Krigel's, Inc. ("Krigel's"). Eichenwald now appeals from a final order entered in the United States District Court[1] for the Western District of Missouri ("the district court") granting summary judgment in favor of Small on the ground that her legal malpractice claim is time-

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

barred under Missouri's five-year statute of limitations. <u>Eichenwald v. Small</u>, No. 99-154-CV-W-6 (W.D. Mo. Oct. 15, 2001) (hereinafter "slip op."). For reversal, Eichenwald argues that the district court erred in holding: (1) that her legal malpractice claim accrued upon the expiration of the statutory limitations period for her assault and battery claims and (2) that a Kansas tolling statute does not apply to her legal malpractice claim. For the reasons stated below, we affirm.

## Jurisdiction

Jurisdiction was proper in the district court was based upon 28 U.S.C. §§ 1332, 1631. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

The following background summary is based upon the district court's order. Slip op. at 2-4. From 1987 or 1988 to early July 1991, Eichenwald, a Kansas resident, worked for Krigel's in Kansas. According to Eichenwald, she was subjected to multiple incidents of sex-based harassment and offensive or harmful conduct in the workplace. In January 1992, Eichenwald contacted Small regarding possible claims against Krigel's. Small lives in Missouri and has his law office in Missouri. On January 31, 1992, she and Small executed a "contract for employment of attorney" for purposes of litigation against Krigel's. The contract was executed in Missouri. Also in January 1992, Eichenwald filed a discrimination charge against Krigel's with the Equal Employment Opportunity Commission ("EEOC"). On April 25, 1994, the EEOC issued Eichenwald a "right to sue" letter. On April 28, 1994, Eichenwald retained Katherine Rich of the law firm McAnany, Van Cleave, and Phillips, P.A. (hereinafter "the McAnany law firm"). It is undisputed that Small's legal representation of Eichenwald was terminated on or before April 28, 1994.

On July 19, 1994, Eichenwald, along with other former Krigel's employees, brought an action against Krigel's in the United States District Court for the District of Kansas alleging employment discrimination under Title VII of the Civil Rights Act of 1964. The plaintiffs were represented by the McAnany law firm. On October 12, 1995, the federal district court in Kansas entered judgment in favor of Eichenwald on her Title VII claim, finding that she had been subjected to a hostile work environment as a result of severe and pervasive sexual harassment and that she had been constructively discharged as a result of intolerable working conditions. See Eichenwald v. Krigel's, Inc., 908 F. Supp. 1531, 1554-59 (D. Kan. 1995). Eichenwald was awarded $22,558.24 in back pay. See id. at 1564.

On October 6, 1995, Eichenwald filed a legal malpractice action against Small in the United States District Court for the District of Kansas, based upon his alleged failure to file assault and battery claims against Krigel's within the statutory one-year limitations period following the termination of her employment. Before the case proceeded to the merits, Eichenwald moved for voluntary dismissal. The federal district court in Kansas granted her motion and dismissed the action without prejudice on August 6, 1996.

On December 20, 1996, pursuant to Kan. Stat. Ann. § 60-3502 and Kansas Supreme Court Rule 142, Eichenwald requested review of her legal malpractice theory against Small by a professional malpractice screening panel. After reviewing her case, a screening panel issued a written recommendation on June 29, 1998, opining that Eichenwald's right to bring assault and battery claims against Krigel's expired while Small was representing her, that Small had departed from the minimum standard of care by failing to timely file assault and battery claims, and that Small had caused her injury.

On July 9, 1998, Eichenwald filed the present action in the United States District Court for the District of Kansas, again asserting a legal malpractice claim

against Small.  On February 4, 1999, the federal district court in Kansas ruled that it lacked personal jurisdiction over Small and transferred the case to the Western District of Missouri pursuant to 28 U.S.C. § 1631.  Small moved for summary judgment, arguing, among other things, that Eichenwald's legal malpractice claim was time-barred.

Based upon the facts stated above, the district court first determined that Missouri's five-year statute of limitations, Mo. Rev. Stat. § 516.120, not Kansas's two-year statute of limitations, Kan. Stat. Ann. § 60-513, applied to Eichenwald's legal malpractice claim against Small.  See slip op. at 7.  The district court next determined that, in light of Kansas's one-year statute of limitations for bringing assault and battery claims, Eichenwald's right to bring such claims had expired on May 27, 1992, one year after her last day of employment with Krigel's; therefore, Eichenwald's legal malpractice claim against Small accrued on May 28, 1992.  See id. at 8.  The district court further held that there were no grounds for tolling the five-year Missouri statute of limitations and, more specifically, that the Kansas screening panel tolling statute, Kan. Stat. Ann. § 60-3509, "ha[d] no effect on the running of the Missouri statute of limitations."  Id. at 10.  Finally, because the present action was filed on July 9, 1998, more than five years after the accrual date of May 28, 1992, the district court dismissed it as time-barred.  See id. at 10-11.  This appeal followed.

**Discussion**

We review a grant of summary judgment *de novo*.  The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2]

---

[2]Viewing the evidence in the light most favorable to the non-moving party (Eichenwald) requires us to assume for purposes of the motion for summary judgment

-4-

See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. See Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990).

Eichenwald does not dispute the district court's holding that her legal malpractice claim accrued in Missouri and is governed by Missouri law. She agrees with the district court that Missouri's five-year statute of limitations, Mo. Rev. Stat. § 516.120, governs the question of whether or not her action is time-barred. However, she disagrees with the district court's application of the Missouri statute of limitations to the particular circumstances of her case.

We review the district court's determinations of Missouri law *de novo*. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). When deciding matters of state law, we are bound by the decisions of the state's highest court, and, to the extent that a precise issue has not been addressed by that court, we must determine its probable decision on the issue by reference to its analogous case law, relevant decisions of the state's lower courts, and other potentially elucidating state law materials. See, e.g., Missouri v. City of Glasgow, 152 F.3d 802, 805-06 (8th Cir.1998).

Eichenwald first argues that the district court erred in deciding when, under Missouri law, her legal malpractice claim against Small accrued. As stated above, the district court held that her malpractice claim accrued on May 28, 1992, the day after the one-year statutory limitations period expired for her assault and battery claims

---

that Eichenwald had a valid claim against Small. However, we express no opinion on that assumption, and nothing in this opinion should imply that this court is making any determination that Eichenwald would have been able to establish a valid claim had it been timely filed.

under Kansas law. By contrast, Eichenwald maintains that her malpractice claim accrued on October 12, 1995, the day she obtained a favorable judgment on her Title VII claim against Krigel's. Eichenwald suggests that it was not until that date that she could have ascertained the validity of, and damages from, her assault and battery claims against Krigel's. For support, she cites Wallace v. Helbig, 963 S.W.2d 360 (Mo. Ct. App. 1998) (Wallace), among other cases.

In Wallace, 963 S.W.2d at 360, the Missouri Court of Appeals explained that the cause of action in question (a claim against an insurance agent/broker) "accrued for purposes of [Mo. Rev. Stat. § 516.120] when damages resulting from the offending act were sustained and capable of ascertainment." The Wallace court further explained that "[d]amages are 'capable of ascertainment' under [Mo. Rev. Stat. § 516.100] when a plaintiff with a recognized legal theory of recovery sustains compensable damages." Id. In that case, a declaratory judgment had been entered determining that the plaintiff was not covered by insurance for a certain claim brought against him by a third party. That declaratory judgment gave rise to the plaintiff's claim against the defendant (his insurance agent/broker) for negligent failure to provide insurance coverage. The Wallace court reasoned: "In the event the court had declared there was coverage, [the plaintiff] would not have had a cause of action against [the defendant] under any recognized legal theory." Id. at 362. Therefore, the Wallace court concluded, the statute of limitations began to run on the date of the declaratory judgment.

In the present case, by contrast, the decision by the federal district court in Kansas on Eichenwald's Title VII claim against Krigel's did not give rise to Eichenwald's legal malpractice claim against Small. It cannot be said that, absent the Title VII judgment, Eichenwald would not have had a legal malpractice claim against Small for failing to file her common law claims of assault and battery against Krigel's. Eichenwald could have brought a malpractice claim against Small, and her damages (if any) were capable of ascertainment, as soon as the one-year statute of

limitations on her assault and battery claims expired under Kansas law on May 27, 1992. We therefore agree with the district court that, under Missouri law, Eichenwald's legal malpractice claim against Small accrued on May 28, 1992.

Eichenwald additionally argues that, regardless of whether May 28, 1992, is the correct accrual date for purposes of her legal malpractice claim against Small, her malpractice claim was nevertheless timely filed because the five-year limitations period under Mo. Rev. Stat. § 516.120 was tolled during the pendency of the Kansas state law screening panel proceedings. She relies on Kan. Stat. Ann. § 60-3509, which provides:

> In those cases before a screening panel which have not been formalized by filing a petition in a court of law, the filing of a memorandum requesting the convening of a screening panel shall toll any applicable statute of limitations and such statute of limitations shall remain tolled until 30 days after the screening panel has issued its written recommendation.

As stated above, on December 20, 1996, Eichenwald formally requested that a professional malpractice screening panel be convened pursuant to Kansas state law. Prior to that, she had filed, and had voluntarily dismissed, a legal malpractice action against Small in the United States District Court for the District of Kansas. The professional malpractice screening panel issued its recommendation on June 29, 1998. Eichenwald filed the present action in the United States District Court for the District of Kansas on July 9, 1998, more than five years after the May 28, 1992, accrual date but within thirty days after the screening panel's recommendation. Eichenwald therefore maintains that, by application of Kan. Stat. Ann. § 60-3509, this action is not time-barred.

The question now before us is whether – for purposes of determining the timeliness of Eichenwald's filing of the present action – Missouri's five-year statute

of limitations is subject to the Kansas tolling statute, Kan. Stat. Ann. § 60-3509. Eichenwald fails to cite any relevant authority in support of this proposition.

In <u>Thompson v. Crawford</u>, 833 S.W.2d 868, 872 (Mo. 1992) (en banc) (<u>Thompson</u>), the Missouri Supreme Court stated: "It is the generally accepted rule that when borrowing the statute of limitations of a foreign state, the applicable tolling provision of that state is borrowed as well." The Court explained:

> When [a statute of limitations] is so borrowed, it is not wrenched bodily out of its own setting, but taken along with it are the correct decisions of its own state which interpret and apply it, and the companion statutes which limit and restrict its operation.

<u>Id.</u> (quoting <u>Devine v. Rook</u>, 314 S.W.2d 932, 935 (Mo. Ct. App. 1958)). The Missouri Supreme Court thus held in <u>Thompson</u> that, where the applicable statute of limitations was a Tennessee statute, the trial court had correctly declined to apply a Missouri tolling statute in determining the timeliness of the plaintiff's filing. In other words, the applicable statute of limitations from one jurisdiction was not subject to a tolling provision from another. We conclude that the Missouri Supreme Court would likewise hold in the case at bar that the applicable Missouri statute of limitations, Mo. Rev. Stat. § 516.120, is not subject to the Kansas tolling statute, Kan. Stat. Ann. § 60-3509. Therefore, Eichenwald had five years to bring her legal malpractice claim against Small from the accrual date of May 28, 1992. She filed the present action in the United States District Court for the District of Kansas on July 9, 1998, more than five years later. Her action is time-barred.

**Conclusion**

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.