In the

# United States Court of Appeals
### For the Seventh Circuit

———

No. 02-2061

COMMONWEALTH INSURANCE COMPANY;
HARTFORD FIRE INSURANCE COMPANY;
NAVIGATORS INSURANCE COMPANY; EMPLOYERS
INSURANCE COMPANY OF WAUSAU; and NEW YORK
MARINE AND GENERAL INSURANCE COMPANY,

*Plaintiffs,*

*v.*

STONE CONTAINER CORPORATION,

*Defendant-Counterclaim*
*Plaintiff-Appellant,*

*v.*

AON RISK SERVICES, INC. OF ILLINOIS
and AON RISK SERVICES, INC. OF MARYLAND,

*Counterclaim*
*Defendants-Appellees.*

———

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 8471—**Charles P. Kocoras**, *Chief Judge.*

———

ARGUED JANUARY 9, 2003—DECIDED MARCH 19, 2003

———

Before RIPPLE, ROVNER, and EVANS, *Circuit Judges*.

EVANS, *Circuit Judge*.  Before us today is but a small part of a much larger dispute over insurance coverage for an $80 million explosion at a Florida pulp and paper plant. The issue is whether the statute of limitations bars the claims against an insurance broker.

Stone Container Corporation is a pulp and paper company with a plant in Panama City, Florida. Aon Risk Services is an insurance broker. In 1994 Aon procured insurance policies for Stone from several providers. It obtained a binder for a "boiler and machinery" policy from Hartford Steam Boiler Insurance Company and binders for "all risk" insurance from several carriers.

In April 1994 a horrendous explosion occurred at the Panama City plant. The blast killed three employees, injured others, and caused extensive property damage. The losses were estimated to exceed $80 million. The next month, Hartford notified Stone that it was denying coverage. The all-risk insurers waited until November to deny coverage. Everyone agrees that by November 15, 1994, Stone knew that its insurers were refusing to cover the loss.

In February 1995 the all-risk insurers filed the first lawsuit:  an action seeking a declaratory judgment that their policies did not provide coverage. This suit was dismissed without prejudice so that Stone could pursue an action solely against Hartford under the boiler and machinery policy. At the same time, Stone and the all-risk insurers (but not Aon) signed agreements tolling the statute of limitations until the suit against Hartford was resolved. Stone won against Hartford in the district court but lost when the case came to us on appeal. *Stone Container Corp. v. Hartford Steam Boiler Inspection and Ins. Co.*, 165 F.3d 1157 (7th Cir. 1999).

The decision on appeal that Hartford's policy did not cover the loss prompted the all-risk insurers to reinstate their declaratory judgment action. Stone answered and, in January 2000, for the first time asserted third-party claims against Aon. The claims were for breach of contract, negligence, and breach of fiduciary duty for failing to obtain adequate insurance coverage for Stone. Aon moved for summary judgment in the district court, arguing that the claims were time-barred. The district judge agreed and Stone has appealed.

The issue is one of Illinois law. Until January 1996, the applicable statute of limitations was 735 ILCS 5/13-205, which allows a plaintiff 5 years to bring a suit that is not otherwise subject to a specific limitations period. But in January 1996, a 2-year statute of limitations took effect for suits against insurance brokers. 735 ILCS 5/13-214.4.

The new statute of limitations presents a question we will soon discuss, but our primary task is to determine when Stone's cause of action against Aon accrues as that term is used in considering statute of limitations questions. Stone argues that the cause of action does not accrue until the underlying action regarding coverage is resolved. Only then might Stone be without coverage. Without an adverse outcome, Stone claims it has suffered no damage from Aon's alleged negligence. Aon, on the other hand, argues that Stone knew by November 15, 1994, that its insurers were not going to cover the loss. Also by that time, Stone had, in fact, begun to suffer damage in the form of attorney fees and other costs.

The district court based its decision that the claims were time-barred on an Illinois Court of Appeals case—*Broadnax v. Morrow*, 762 N.E.2d 1152 (Ill. App. 2002). Directly on point, *Broadnax* was a case brought by an insured against his insurance agents. The court decided

that the statute of limitations accrued when the insurance company denied the claim. It said, "[W]aiting for a final judicial determination of [the insurer's] responsibility in the breach of contract matter and then waiting nearly two years, almost the entire limitations period, before pursuing a negligence action against the defendants is not a reasonable application of the discovery rule in this case." At 1158. A dissenter thought that parties should not be compelled to file anticipatory claims which might turn out to be unnecessary if the court ruled that coverage existed. For this proposition, the dissent relied on *Guzman v. C.R. Epperson Construction, Inc.,* 752 N.E.2d 1069 (2001), a case which Stone, not surprisingly, relies on here. Stone argues that *Guzman* and a number of cases involving malpractice claims indicate that *Broadnax* is outside the general body of Illinois law and is therefore wrongly decided.

What we have, then, is that the highest state court in Illinois, the Illinois Supreme Court, has not decided the precise issue before us, but an intermediate appellate court has. We are required to apply state law as the highest court of the state interprets it. But in the absence of guiding authority from the state's highest court, we give "great weight to the holdings of the state's intermediate appellate courts and ought to deviate from those holdings only when there are persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court." *Allstate Ins. Co. v. Menards, Inc.,* 285 F.3d 630, 637 (7th Cir. 2002) (Ripple, J.).

So as we see it, we must follow *Broadnax* unless there are clear, and persuasive, reasons not to do so. Upon our review, we find no clear and persuasive reasons why the Illinois Supreme Court would not decide the issue presented here in a manner inconsistent with *Broadnax*.

First of all, *Broadnax* is not the anomaly Stone would have us believe it is. *Indiana Insurance Company v. Machon & Machon, Inc.*, 753 N.E.2d 442 (Ill. App. 2001), another Illinois Appellate Court decision, concerns the accrual of a claim by an insurance company against its own agent. What had happened was that Indiana Insurance had issued a policy with "actual cash value" coverage; the agent, however, had written a letter to the insured stating that the coverage was for "replacement cost." After a fire occurred in a building the insured owned, Indiana Insurance sued the agent, saying that, as a result of the agent's conduct, it had paid replacement cost and so was damaged by an amount of money equal to the difference between replacement and actual cost of the building. The issue for the court was when the cause of action against the agent accrued. The court noted that in cases of torts arising out of contracts, the cause of action ordinarily begins to run when the duty is breached, not when the damages are sustained. But, the company argued, it could not have known of the breach until the loss occurred and its damages were specifically calculable. The court agreed that the company may not have known of the breach until after the loss occurred but found that it "knew of the loss long before it actually paid the claim . . . , at the least on the date the insured filed a claim." At 446. *Indiana Insurance* is, of course, an appellate court case and so does no more than *Broadnax* to tell us how the Illinois Supreme Court would rule. But it does indicate to us that *Broadnax* is not standing alone as an aberration.

*Guzman*, on the other hand, is an Illinois Supreme Court case, and so could help us resolve the issue of what that court would do in our situation. But it does not carry the day for Stone. *Guzman* is an indemnity case. It involved a homeowner's breach of contract action against a general contractor. The general contractor

filed third-party complaints against subcontractors for implied indemnity. The issue was whether the third-party complaint was time-barred, which turned on when the cause of action accrued. The court found that "the cause of action for an implied contract of indemnity does not accrue until the defendant has a judgment entered against him or until he settles the claim made against him." The court based its conclusion on the statute of limitations for claims for contribution and indemnity. We are not convinced that the Illinois Supreme Court would apply the reasoning of *Guzman* to claims against insurance agents. Claims for indemnity are specifically dependent on the underlying claim in a way in which claims against agents are not.

Neither are we convinced that cases involving professional malpractice claims compel us to disregard *Broadnax*. First of all, except for one, the cases relied on are from Illinois appellate courts and federal district courts and, for that reason shed no more light than does *Broadnax* on how the Illinois Supreme Court would rule on a case against an insurance broker. On top of that, the one Illinois Supreme Court malpractice case on which Stone primarily relies does not support its position. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627 (Ill. 1994), involved advice given by attorneys as to whether certain machines Jackson Jordan intended to build would infringe any existing patents. The attorneys said they wouldn't when, in fact, it turned out that they very well might. The question was when the cause of action against the attorneys accrued. The question was left neatly unresolved when the court found a separate basis for decision. But the court recognized at least three possible accrual dates: the date on which the patent holder sued another company; the date of a letter from the patent holder to Jackson Jordan threatening to sue for infringement; or the date the appeals court rendered its first ruling ad-

verse to Jackson Jordan. No preference was expressed for any of these dates, making it very hard for us to conclude that the case undermines the *Broadnax* holding.

As an aside, we might add that it is not a foregone conclusion that the same analysis that is applied to legal malpractice claims would be applied to claims against insurance brokers. The issue as to who is a professional and who is not for purposes of statutes of limitations on malpractice claims has caught the attention of several courts. The Court of Appeals of New York in *Chase Scientific Research, Inc. v. NIA Group, Inc.*, 749 N.E.2d 161 (2001), has recently determined that insurance agents are not professionals for purposes of the New York malpractice statute of limitations as have courts in Florida (*Pierce v. AALL Ins. Inc.*, 531 So.2d 84 (1988)) and Kentucky (*Plaza Bottle Shop, Inc. v. Torstrick Ins. Agency, Inc.*, 712 S.W.2d 349 (Ky. App. 1986)). Other courts have found otherwise. *See Flemens v. Harris*, 915 S.W.2d 685 (Ark. 1996), and *Burns v. Connecticut Mut. Life Ins. Co.*, 743 A.2d 566 (RI 2000).

And as long as we are sampling the law of other states, we note that nothing in *Broadnax* is outside the norm of what other jurisdictions have concluded—if, in fact, we could possibly say there is a norm. On this issue, the states are—so to speak—all over the map. The Supreme Court of Arkansas says that the statute of limitations on a claim against an insurance agent begins to run at the time the negligent act occurs. *Flemens*. A court of appeals in Nebraska considered a suit against an agent for his failure to renew a liability policy issued to an allegedly negligent driver's employer and concluded that the statute began to run on an oral contract upon the breach of that contract. *Motor Club Ins. Ass'n v. Fillman*, 568 N.W.2d 259 (Neb. App. 1997). A Maryland court concluded that the statute began to run on the day that the insureds learned the insurer would not defend them.

*American Home Assurance Co. v. Osbourn,* 422 A.2d 8 (Md. Ct. Spec. App. 1980). The Texas Supreme Court has said:

> Today we are asked to decide whether, in a suit by an insured against its agent for negligent breach of the agent's duty to obtain insurance, the injury-producing event was the denial of coverage by the insurance company, or the final resolution of the coverage dispute by the courts. We hold that Kenneco sustained injury when coverage was denied and, therefore, limitations commenced on that date because all facts required for a cause of action existed at that time.

*Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). An appeals court in Massachusetts found that because damage is a prerequisite to a negligence suit, a negligence claim against a broker accrued when the insured suffered an unprotected loss but that a claim for breach of contract against the broker accrued at the time the broker failed to procure the requested insurance. *International Mobiles Corp. v. Carroon & Black/Fairfield & Ellis, Inc.*, 560 N.E.2d 122 (Mass. App. 1990). On the other hand, some courts are more in line with what Stone urges here. The Florida court says the cause of action accrues when the proceeding against the insurer becomes final. *Blumberg v. USAA Cas. Ins. Co.*, 790 So.2d 1061 (Fla. 2001). And courts of appeals in Ohio and Missouri say that a claim against an agent begins to run when the insurer obtains a declaratory judgment that it was not obligated to provide coverage. *Kosa v. Frederick*, 737 N.E.2d 1071 (Ohio App. 2000); *Wallace v. Helbig*, 963 S.W.2d 360 (Mo. App. 1998). In short, there is far from a clear pattern in state court decisions; therefore, there is no indication that *Broadnax* is out of step.

But to return to Illinois, where our journey started, there simply is no very clear indication of what the Illinois

Supreme Court might decide. However, that court has thoroughly discussed the Illinois discovery rules in *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132 (Ill. 1995). *Hermitage* was a suit against the preparer of what turned out to be a defective mechanic's lien. The issue was when the cause of action on the lien accrued. Ordinarily, the court said, for contract claims and torts arising out of contractual relationships, the cause of action accrues at the time of the breach of the contract. But because the rule sometimes produces harsh results, the Illinois discovery rule, when it is applied, delays the commencement of the statute of limitations until "the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." At 1135. The cause of action on the lien did not accrue when the lien was prepared because Illinois lien law is technical and complex and the plaintiffs would have had no reason to know at that time that they were injured. The issue came down to whether the accrual date was the date on which a circuit court reduced the mechanics lien, as the defendants had argued, or whether it was when the plaintiffs' motion for reconsideration was denied. Plaintiffs argued that until the motion was denied they could not be sure they were injured. It is an argument similar to the one Stone makes here and, in *Hermitage*, the argument failed. The court determined that the plaintiffs were on notice that an injury may have occurred when their lien was reduced; there was, apparently, no need to await a final decision from the courts. Though reasonable people could disagree about what Hermitage means to the present case, we conclude that it could very well mean that Stone had notice that it had a cause of action against Aon when the insurers denied coverage. *Hermitage* does not provide us with certainty about what the Illinois Supreme Court would do, but neither does it undermine *Broadnax*. Ours, then, is a case in which it is proper for us to defer to the Illinois Appellate Court.

When we do that, we must concur with the district court's finding that the cause of action accrued on November 15, 1994.

Stone also argues that the statute of limitations should be tolled during the time between its earlier victory in the district court and the time that decision was reversed here 4 years ago in *Stone v. Hartford*. But given our previous discussion, we cannot see any basis for tolling the statute.

Finally, we will look briefly at the new statute of limitations. Given the accrual date of November 15, 1994—when Stone knew coverage was at issue—under the old statute, Stone had until November 15, 1999, to file suit. However, in January 1996 the new 2-year statute of limitations took effect. It seems to be undisputed that because the old statute of limitations had not yet expired, the new statute governs the present case so long as Stone still had a reasonable time in which to file before the new statute ran out. *See Guzman*. We find that Stone had a reasonable time in which to file before the expiration of the 2-year statute ran, and in any case the 4 years it waited before filing is far outside any reasonable time period. The judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

 

 

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
